Gerald W. VAN KEPPEL and Elizabeth Van Keppel, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. KC–1288.

United States District Court
D. Kansas.

June 20, 1962.

Joseph H. McDowell, Stanley & McDowell, Kansas City, Kan., John B. Gage, Gage, Hodges, Moore, Park & Kreamer, Albert F. Hillix, Richard H. Brown and Hillix, Hall, Hasburgh, Brown & Hoffhaus, Kansas City, Mo., for plaintiffs.

Newell A. George, U. S. Atty., Topeka, Kan., Louis F. Oberdorfer, Asst. Atty. Gen., Washington, D. C., and Edward S. Smith and George Elias, Jr., Attys., Department of Justice, Washington, D. C., for defendant.

ARTHUR J. STANLEY, Jr., Chief Judge.

This is an action by Gerald and Elizabeth Van Keppel, taxpayers, to recover an alleged overpayment of $32.38 plus interest on their 1956 joint income tax return. The Government has counterclaimed to collect an allegd deficiency of $183,850.40 plus interest. The case is presently under advisement for decision on its merits.

The plaintiffs' return, filed February 18, 1956 (Exhibit 1), claimed a deduction of $30.50 for safe deposit box rentals and a depletion allowance of $4,523.44 for the "Jordan 'B' Oil Lease." An amended return (Exhibit 3) was filed on October 15, 1958, claiming an additional box rental deduction of $8.00 and an additional depletion allowance of $46.88. The evidence, which is uncontroverted, is that these additional amounts were properly deducted. (See Exhibits 21 and 21-A).

The more serious problem in this case arises from the counterclaim. In 1945, Mrs. Van Keppel purchased 375 shares of stock in the G. W. Van Keppel Company, hereinafter called the Company, at $10.-00 per share. Mr. Van Keppel at that time owned all but one of the remaining outstanding shares.

The Company, in 1956, redeemed all of the shares held by Mrs. Van Keppel at

$900.00 per share. The proceeds from the redemption were reported as long term capital gain on the return filed February 18, 1957. In July of 1958, the return was audited. It was discovered that Mrs. Van Keppel had failed to file an agreement to notify the District Director of Internal Revenue in the event she reacquired any stock in the Company within ten years following the redemption. The agreement was thereafter executed and mailed to the District Director on July 15, 1958, and an identical agreement was attached to the amended return of October 15, 1958. On December 18, 1959, the District Director assessed the deficiency now in question, claiming that the proceeds from the redemption should be treated as ordinary income.

The treatment to be accorded the proceeds hinges upon interpretation of § 302 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 302. The general rule, as stated in § 302(a), is that a redemption of stock will be treated as a distribution in part or full payment in exchange for the stock if paragraph (1), (2), (3), or (4) of § 302(b) applies.

Plaintiffs rely upon § 302(b)(3), which allows capital gains treatment if the redemption is in complete redemption of all of the stock of a corporation owned by the taxpayer. This would dispose of the case except for § 302(c)(1) wherein the constructive ownership rules of § 318 (a)(1) are made applicable to § 302. Section 318(a)(1) attributes the ownership of stock, owned by a taxpayer's spouse, to the taxpayer. Since Mr. Van Keppel owned stock in the Company at. the time of the redemption, his ownership must be attributed to Mrs. Van Keppel, thereby removing the applicability of § 302(c)(2).

However, there is an exception to the application of the constructive ownership rule. Section 302(c)(2)(A) provides:

"In the case of a distribution described in subsection (b)(3), section 318(a)(1) shall not apply if—

"(i) immediately after the distribution the distributee has no interest in the corporation (including an interest as officer, director, or employee), other than an interest as a creditor,

"(ii) the distributee does not acquire any such interest (other than stock acquired by bequest or inheritance) within 10 years from the date of such distribution, and

"(iii) the distributee, at such time and in such manner as the Secretary or his delegate by regulations prescribes, files an agreement to notify the Secretary or his delegate of any acquisition described in clause (ii) and to retain such record as may be necessary for the application of this paragraph.

If the distributee acquires such an interest in the corporation (other than by bequest or inheritance) within 10 years from the date of the distribution, then the periods of limitation provided in sections 6501 and 6502 on the making of an assessment and the collection by levy or a proceeding in court shall, with respect to any deficiency (including interest and additions to the tax) resulting from such acquisition, include one year immediately following the date on which the distributee (in accordance with regulations prescribed by the Secretary or his delegate) notifies the Secretary or his delegate of such acquisition; and such assessment and collection may be made notwithstanding any provision of law or rule of law which otherwise would prevent such assessment and collection."

The regulation referred to in § 302 (c)(2)(A)(iii) is § 1.302–4(a):

"The agreement specified in section 302(c)(2)(A)(iii) shall be in the form of a separate statement in duplicate signed by the distributee and attached to his return timely filed for the year in which the distribution described in section 302(b)(3) occurs. The agreement shall recite that the distributee has not acquired any interest in the corporation * * * since

such distribution, and that he agrees to notify the district director of internal revenue * * * of any acquisition of such an interest in the corporation within 30 days after such acquisition if such acquisition occurs within 10 years from the date of such distribution."

It is the Government's position that the failure by Mrs. Van Keppel to file the agreement required by § 302(c) (2) (A) (iii), in the manner prescribed by the regulation § 1.302–4(a), precludes her use of the exception. The plaintiffs' answer is that substantial compliance rather than strict compliance satisfies the statute and that substantial compliance was effected.

■ The issues hereby framed are two: (1) are the statutory provisions mandatory, requiring strict compliance, or directory, requiring substantial compliance; and (2) if directory, did the plaintiffs substantially comply. The general rule of statutory construction is that if a provision relates to the essence of the thing to be done so that noncompliance will frustrate the legislative intent, it is mandatory. On the other hand, if a provision relates to a detail of procedure rather than to substance, it is directory. Vaughan v. John C. Winston Co., 83 F.2d 370, 372 (10th Cir.1936); Indiana Rolling Mills Co. v. Commissioner, 13 B.T.A. 1141, 1144, (1928); see generally, 3 Sutherland, Statutory Construction §§ 5801–5826 (3d ed. 1943).

In the case of J. E. Riley Inv. Co. v. Commissioner, 311 U.S. 55, 61 S.Ct. 95, 85 L.Ed. 36 (1940), urged by the Government as controlling, the taxpayer failed to elect to compute depletion allowance on a percentage basis. The statute required such election on the "first return." The Supreme Court held that strict compliance was necessary to prevent later shifts from one tax basis to another when and if hindsight dictated. The essence of the provision was to fix for all time the tax basis to be used. An election on the first return was not just a detail of procedure of

the thing to be done, it was the thing. The court, even so, did indicate that an amended return, filed within the period allowed for filing the original return, would constitute compliance.

Through diligence on the Government's part, a very recent decision, interpreting § 302(c) (2) (A) (iii), has been brought to this court's attention. Archbold v. United States, 201 F.Supp. 329 (D.N.J. 1962), holds that a taxpayer's request to file the agreement to notify, two years after the return was filed, was justifiably refused by the Director.

The court reasoned that where the agreement is not filed, the taxpayer would be free to reacquire the stock after the three-year statute of limitation runs, Int.Rev.Code of 1954, § 6501, 26 U.S.C.A. § 6501; yet should the return be audited within three years, the taxpayer need only file the agreement to retain his capital gains treatment.

■ I disagree with this reasoning because, in my opinion, the three-year statute of limitation does not bar recovery of additional taxes upon reacquisition of stock within ten years. To illustrate, suppose a taxpayer, through inadvertence, failed to file the agreement within three years after redemption. Suppose further that shares were reacquired during the ten-year period. Section 302(c) (2) provides for the assessment of tax deficiencies within one year after notice of reacquisition is given. The statute does not say the one-year statute of limitation is applicable only if an agreement has been filed. It says the one-year statute of limitation applies if the taxpayer reacquires an interest within ten years.

The essence of § 302(c) (2) together with § 302(b) (3) is to allow capital gains treatment upon complete cessation of interest in a corporation for a period of ten years. A taxpayer should not be deprived of such benefits because of failure to file an agreement. Nor should the taxpayer be permitted to retain these benefits if he reacquires stock within ten years because of failure to file an agreement.

If the statute of limitation extends to one year after notice, regardless of a filed agreement, both the taxpayer and the Government are fully protected. Obviously, a filed agreement would make it easier for the Director to detect reacquisitions; but detection is not the essence of § 302(c) (2), since the taxpayer must notify the Director in order to set the one-year statute of limitation in motion.

I hold that the provision for agreement to notify in § 302(c) (2) (A) (iii) is directory. Taking into consideration the facts that Mrs. Van Keppel failed to file the agreement through inadvertence and that she forthwith filed it upon learning of the defect, I hold there was substantial compliance.

The plaintiffs also asserted capital gains entitlement under § 302(b) (1) and § 346 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 346. It is unnecessary to examine these questions in view of the foregoing decision.

Counsel will submit an appropriate order.