William H. PEARCE and Elizabeth Pearce, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. 10090.

United States District Court
W. D. New York.

Jan. 6, 1964.

Jaeckle, Fleischmann, Kelly, Swart & Augspurger, Buffalo, N. Y., Albert R. Mugel, of counsel, Buffalo, N. Y., for plaintiffs.

Louis F. Oberdorfer, Asst. Atty. Gen., C. Moxley Featherston, David A. Wilson, Jr., Marvin J. Garbis, Attys., Dept. of Justice, John T. Curtin, U. S. Atty., for the Government.

HENDERSON, District Judge.

■ For some time prior to September 10, 1956, William H. Pearce, the plaintiff, and his father, Howard W. Pearce, had been the principal stockholders in Earlhow, Inc. and Kelvin Drive, Inc., New York corporations. The stock of William H. Pearce was then redeemed by each corporation and he terminated his remaining interest in each by resigning as an officer and director. By following certain procedural detail the plaintiff was then clearly entitled under section 302(b) (3) of the Internal Revenue Code of 1954 to capital gains treatment on the redemption of his stock.

Several months prior to the filing of his 1956 income tax return, an attorney and tax specialist in New York City was consulted. Consequently papers necessary to secure the prescribed tax treatment were prepared by counsel and forwarded to Buffalo. However, these papers were directed to the plaintiff's father and he inadvertently placed them in an office file rather than delivering them to the plaintiff. Thereafter, an accountant prepared and filed a joint return for the plaintiff and his wife (who is also a plaintiff in this action) in which the redemption was reported as a long term capital gain from the sale or exchange of property. Section 302(c) (2) (A) (iii) agreements, of course, were not annexed as required by Treasury Regulation 1.302–4(a), but lay mislaid in an office file.

Within a year the plaintiffs' tax return was audited by the Internal Revenue Service, the omission noted, and upon investigation by the plaintiffs, the office error discovered. The circumstances were reported to an IRS representative and a copy of the mislaid papers given to him. However, the papers apparently were not technically accepted, capital gains treatment refused accordingly, and the redemption taxed as a dividend (ordinary income). Thereafter the tax was paid and a claim for refund filed. Upon rejection, this action was commenced.

Claiming that no substantial issue of fact exists, plaintiffs move for summary judgment. Affidavits, depositions and a stipulation of facts have been submitted on the motion.

■ That the plaintiffs would have been entitled to have the stock exemption treated under section 302(b) (3), had they complied with the filing requirements of section 302(c) (2) (A) (iii) and the appropriate Treasury regulation, is not disputed. No facts appear in this case which would establish that this procedural default resulted from other than mere mistake and inadvertence. Under

704

such circumstances the refusal of the IRS to accept late filing and to treat the redemption under section 302(b) (3) was an abuse of discretion.[1] The plaintiffs, therefore, are entitled to summary judgment. Findings of fact, conclusions of law and a judgment in conformance with the views expressed in this opinion shall be filed by the plaintiffs within ten days. So ordered.

1. See Archbold v. United States, D.C., 201 F.Supp. 329, aff'd, 311 F.2d 228 (3d Cir. 1963); Van Keppel v. United States, 206 F.Supp. 42, aff'd, 321 F.2d 717 (10th Cir. 1963); Cary v. Commissioner, 41 T.C. 214 (1963).