COLUMBIA IRON & METAL COMPANY, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 8304–71. Filed October 2, 1973.

6

*Richard Katcher*, for the petitioner.
*Larry L. Nameroff*, for the respondent.

OPINION

SIMPSON, *Judge:* The respondent determined a deficiency of $28,142.40 in the Federal income tax of the petitioner for the year 1969. The only issue for decision is whether the petitioner, an accrual method taxpayer, is entitled to a deduction in the year 1969 for certain charitable contributions authorized by its board of directors in such year and actually paid within 2½ months after the close of such year.

This case has been submitted under Rule 30, Tax Court Rules of Practice, and most of the facts have been stipulated.

The petitioner, Columbia Iron & Metal Co., was an Ohio corporation, with its principal place of business in Cleveland, Ohio, at the time of the filing of the petition in this case. It filed its Federal income tax return for its taxable year ending December 31, 1969, with the Internal Revenue Service Center, Cincinnati, Ohio. The petitioner maintained its books and records and reported income in accordance with the accrual method of accounting.

At a special meeting held on December 13, 1969, the board of directors of the petitioner authorized payment of the following contributions by March 1, 1970:

| Donee | Amount |
| --- | --- |
| Greater Cleveland Neighborhood Centers Association | $500 |
| Mount Sinai Hospital | 7,100 |
| Jewish Community Federation | 45,700 |
| | 53,300 |

In accordance with the board's resolution, $500 was paid to the Greater Cleveland Neighborhood Centers Association on January 27, 1970, and the gifts to the two other donees were made on February 20, 1970. At all times relevant, contributions to each of the three organizations qualified for charitable deductions under section 170 of the Internal Revenue Code of 1954.[1]

In its return for 1969, the petitioner claimed deductions for charitable contributions in the total amount of $125,446, including deductions for the three contributions authorized in 1969 and paid in 1970. A schedule attached to the return listed the donee, amount, and date of payment of each of the petitioner's charitable contributions for

---

[1] All statutory references are to the Internal Revenue Code of 1954.

which a deduction was claimed. The three contributions paid in 1970 were included in the schedule and were additionally described as "Accrued at December 31, 1969." The petitioner did not attach to its return a copy of the resolution authorizing the three contributions, nor a written and verified statement of an officer that the contributions were authorized in 1969. However, on July 24, 1970, a copy of the corporate minutes was given to an agent of the respondent in the course of an examination of the petitioner's 1969 income tax return. After a conference with the Court to discuss settlement, the petitioner submitted to the Court a written declaration by an officer of the corporation, made under the penalties of perjury, that the three contributions were authorized by the board of directors of the corporation in 1969, and a copy of such declaration was served on the respondent.

The respondent disallowed the petitioner's claimed charitable deduction to the extent of $53,300, the amount of the three contributions not paid in 1969.

Section 170(a)(1) provides that, ordinarily, charitable contributions are deductible only in the taxable year in which made, regardless of the method of accounting employed by the donor. However, section 170(a)(2) sets forth an exception to such general rule and provides:

In the case of a corporation reporting its taxable income on the accrual basis, if—

    (A) the board of directors authorizes a charitable contribution during any taxable year, and

    (B) payment of such contribution is made after the close of such taxable year and on or before the 15th day of the third month following the close of such taxable year,

then the taxpayer may elect to treat such contribution as paid during such taxable year. The election may be made only at the time of the filing of the return for such taxable year, and shall be signified in such manner as the Secretary or his delegate shall by regulations prescribe.

The parties have treated section 1.170-3 of the Income Tax Regulations as applicable in this case.[2] In pertinent part, such section provides:

(b) *Election by corporations on an accrual method.* * * * The election must be made at the time the return for the taxable year is filed, by reporting the contribution on the return. There shall be attached to the return when filed a written declaration that the resolution authorizing the contribution was adopted by the board of directors during the taxable year, and the declaration shall be verified by a statement signed by an officer authorized to sign the return that it is made under the penalties of perjury. There shall also be attached to the return

---

[2] According to sec. 1.170-0 of the regulations, sec. 1.170-3 is applicable to contributions made before 1970, and sec. 1.170A-11(b)(2) is applicable to contributions made after 1969. However, since the relevant provisions of both sections are identical, it makes no difference in this case which section is applicable.

when filed a copy of the resolution of the board of directors authorizing the contribution.

Both parties, in arguing whether the petitioner is entitled to a deduction in the year 1969 for the contributions made in 1970, have addressed themselves to the validity of the regulation. The petitioner contends that it signified its election on the return and that the respondent is not authorized by virtue of section 170(a)(2) to require any attachments to such return. On the other hand, the respondent contends that the regulation was promulgated under a statutory mandate and is therefore a legislative regulation, with respect to which there is a strong presumption of validity. He also contends that the regulation is "a reasonable rule designed to aid in the orderly administration of" section 170(a)(2).

Although we have given consideration to the arguments put forth by the parties, we do not reach the issue of the validity of the regulation because, even if the regulation is valid, we are convinced that the petitioner has substantially complied with the requirements of both the statute and the regulation. Accordingly, the petitioner is entitled to a deduction for the year 1969 for the contributions at issue.

In several cases, where a taxpayer has complied with the essential requirements, this Court has held that an election was effective, even though the taxpayer has failed to comply with certain procedural requirements. In *Alfred N. Hoffman*, 47 T.C. 218 (1966), affirmed per curiam 391 F. 2d 930 (C.A. 5, 1968), there was an imperfect revocation of an election by a corporation to be taxed as an electing small business corporation. Although section 1372(e)(2) provided that the revocation was to be made in the manner prescribed by the Secretary in his regulations, and although the revocation was not made in the manner required by the regulations, this Court found that there had been substantial compliance with the basic requirements and held the revocation to be effective. 47 T.C. at 236–237. In *Fred J. Sperapani*, 42 T.C. 308 (1964), the taxpayer filed an election to have his proprietorship taxed as a corporation under section 1361 but failed to include some of the information and the agreement required by the regulations. The Court found that the requirements as to the information and agreement were merely procedural details established by the respondent to facilitate his administration of the law. The Court held that the election could be invalidated only if the taxpayer failed to comply with the requirements which Congress indicated were essential, and not merely for failure to comply with procedural requirements established by the respondent. 42 T.C. at 330–333. In *John P. Reaver*, 42 T.C. 72 (1964), there was an installment sale of real estate in 1958, and the taxpayer included the proceeds received in that year in his

income for the year. In 1961, he filed an amended return and elected to have the sale treated as an installment sale under section 453. Section 453(b) provides that such an election is to be made in accordance with regulations issued by the Secretary, and his regulations provide that the election by a taxpayer is to be made in his return for the year of the sale. The Court found that the regulations did not require that the election be made in an original return for the year and held that since it was made in an amended return, the taxpayer was entitled to report the gain on the installment method. In *Georgie S. Cary*, 41 T.C. 214 (1963), the issue was whether a stock redemption should be treated as a dividend or an exchange, and to have the redemption treated as an exchange under section 302(b)(3), the taxpayer was required to file an agreement to notify the respondent of certain subsequent acquisitions at such time and in such manner as the Secretary provided by regulations. The regulations require that such statement be filed with a timely return for the year in which the redemption occurred. Sec. 1.302–4(a), Income Tax Regs. The taxpayer failed to file the statement with her return, but she did furnish it to the respondent when requested to do so in the course of an audit. The Court found that there had been substantial compliance with the law and held that the taxpayer was entitled to treat the redemption as an exchange. See also *Van Keppel* v. *United States*, 206 F. Supp. 42 (D. Kan. 1962), affd. 321 F. 2d 717 (C.A. 10, 1963); *Pearce* v. *United States*, 226 F. Supp. 702 (W.D. N.Y. 1964).

In this case, it is clear that the essential requirements of the statute and regulations have all been met. The petitioner is a corporation; it computed its income by use of the accrual method of accounting; its board of directors met in 1969 and authorized the contributions at issue; those contributions were in fact paid within the first 2½ months of the succeeding year; and the election to deduct such contributions for 1969 was made at the time set forth in the statute and in the manner set forth in the regulations. Since the respondent stipulated to the occurrence of these events, there can be no doubt that they occurred and that the essential requirements of the statute were satisfied.

Moreover, although the copy of the resolution and the written, verified statement of an officer were not attached to the return, the copy of the resolution was furnished to the respondent shortly after the return was filed, and the written and verified statement of an officer has now been furnished the respondent. Thus, the respondent now has the documents which he requires be submitted to support the deduction. Nevertheless, he urges us to deny the petitioner a deduction

merely because those documents were not submitted at the time the return was filed. We do not agree.

To deny the deduction merely because the petitioner failed to provide the proof of the acts at the time required by the respondent would establish a sanction which is out of proportion to the shortcoming and not warranted or justified under the circumstances. Although the requirements of the regulations may have an *in terrorem* effect which aids in securing compliance with the law, nonetheless, such requirements are merely procedural, and even they have been satisfied, albeit not at the time required by the respondent. Moreover, neither the statute nor the regulations clearly make the submission of the resolution and written statement a sine qua non for the deduction. Unlike the provisions of section 170(a)(1), in which Congress explicitly provided that a charitable contribution is deductible only if verified in the manner required by the respondent, Congress has not conditioned a corporation's right to deduct a contribution under section 170(a)(2) on proof satisfactory to the respondent that the contribution was authorized in the taxable year at issue. Indeed, the regulations are also silent as to the consequences arising from the failure to furnish the resolution and written and verified statement with the return—there is no clear indication in section 1.170–3(b) that the deduction will be disallowed if such documents are not attached to the return. In the absence of such provision either in the statute or regulations, denial of the deduction is too harsh a remedy for failure to comply with a procedural requirement.

The case would be altogether different if there were some doubt as to whether the petitioner had met some one of the essential requirements, and if the respondent were seeking to deny the deduction for failure to prove that the corporation had met that essential requirement. Here, there is no doubt that the essential requirements have all been met, and having met such essential requirements and having provided satisfactory proof thereof, the petitioner has substantially complied with the law and is entitled to deduct the contributions at issue.

To give effect to certain adjustments that were not challenged by the petitioner,

*Decision will be entered under Rule 50.*

Reviewed by the Court.

––––––

GOFFE, *J.*, concurring: I concur in the result reached by the majority but I would hold for petitioner for the reason that the portions of section 1.170–3(b), Income Tax Regs., with which petitioner did not comply are invalid.

Section 170(a)(2) of the Code permits a corporation, which reports its income on the accrual basis of accounting, to deduct charitable contributions accrued at the close of its taxable year if paid within 2½ months thereafter. The corporation is required to signify its election at the time of filing its return in such manner as the Secretary or his delegate shall by regulations prescribe. The applicable regulations require the corporation to attach to the return a copy of the resolution of the board of directors authorizing the contribution together with a written declaration verified by an officer of the corporation under the penalties of perjury that the resolution was adopted by the board of directors during the taxable year. Sec. 1.170–3, Income Tax Regs.

It is my view that the regulations are invalid to the extent that they require the corporation to attach a copy of the resolution of the board of directors and to attach a verified statement that the board adopted the resolution during the taxable year. The statute merely requires that the corporation "signify" the election on its return. The regulations virtually require the corporation to "substantiate" the deduction. In my view, this is not warranted. The income tax return is executed under the penalties of perjury so why is it so necessary to again, under the penalties of perjury, declare that one of the requirements of the statute has been satisfied: i.e., authorization for the contribution by the board of directors?

Such requirement clearly goes beyond the ordinary meaning of the word "signify."

If the Secretary or his delegate can require substantiation of deductions through the means of attachments to the tax returns upon the authority of the mere term "signify," the requirements for claiming other deductions on tax returns may become burdensome.

The recognized limitation of an administrative regulation was described by the Supreme Court as follows in *Manhattan General Equipment Co.* v. *Commissioner*, 297 U.S. 129, 134 (1936):

> The power of an administrative officer or board to administer a federal statute and to prescribe rules and regulations to that end is not the power to make laws— for no such power can be delegated by Congress—but the power to adopt regulations to carry into effect the will of Congress as expressed by the statute. A regulation which does not do this, but operates to create a rule out of harmony with the statute, is a mere nullity. *Lynch* v. *Tilden Produce Co.*, 265 U.S. 315, 320–322; *Miller* v. *United States*, 294 U.S. 435, 439–440, and cases cited. And not only must a regulation, in order to be valid, be consistent with the statute, but it must be reasonable. *International Ry. Co.* v. *Davidson*, 257 U.S. 506, 514.

In a case of striking similarity we held portions of the regulations invalid with respect to the deduction involved here. *Faucette Co., Inc.*, 17 T.C. 187 (1951): The regulations applicable in that case re-

quired the board of directors to authorize the charitable contribution in writing. We held that the requirement that the authorization must be in writing was an invalid limitation on the deduction and inconsistent with the statute. The Commissioner acquiesced in that case. 1953–1 C.B. 4.

In my view, holding a portion of the regulations invalid herein goes no further than we went in *Faucette*, and I would, therefore, hold for petitioner on such grounds.

WILES, *J.*, agrees with this concurring opinion.

---

RAUM, *J.*, dissenting: Notwithstanding what is said in the prevailing opinion, it in effect nullifies the provisions of section 1.170–3(b) of the Income Tax Regulations. However, "Treasury regulations must be sustained unless unreasonable and plainly inconsistent with the revenue statutes and * * * should not be overruled except for weighty reasons." *Commissioner* v. *South Texas Co.*, 333 U.S. 496, 501. In my judgment, these regulations are not "unreasonable," nor are they "inconsistent"—certainly not "plainly" inconsistent—with the statute, and I know of no "weighty" reasons, nor have any been suggested, why they should be overruled. Moreover, to say that there has been "substantial compliance" with the regulations when the sworn statement required to be filed with the return was made available for the first time some years later, after the case had been submitted to the Court and while it was *sub judice*, is merely to play with words.

QUEALY, *J.*, agrees with this dissent.