ROBIN HAFT TRUST, ESTHER J. FOSTER, EDWARD CREIGER, AND LEWIS H. WEINSTEIN, TRUSTEES, ET AL.,[1] PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 5879–71—5882–71. Filed May 7, 1974.

---

[1] Cases of the following petitioners are consolidated herewith: Wendy Laura Haft Trust, Esther J. Foster, Edward Creiger, and Lewis H. Weinstein, Trustees, docket No. 5880–71; Lisa Ann Haft Trust, Esther J. Foster, Edward Creiger, and Lewis H. Weinstein, Trustees, docket No. 5881–71; Daniel Foster Haft Trust, Esther J. Foster, Edward Creiger, and Lewis H. Weinstein, Trustees, docket No. 5882–71.

*Lewis H. Weinstein*, *Norman H. Wolfe*, and *Louis P. Georgantas*, for the petitioners.

*Barry J. Laterman* and *Alfred C. Bishop, Jr.*, for the respondent.

SUPPLEMENTAL OPINION

SIMPSON, *Judge:* In *Robin Haft Trust*, 61 T.C. 398 (1973), we held that in determining whether the distributions in redemption of the petitioners' stock were to be treated as essentially equivalent to dividends within the meaning of section 302(b)(1) of the Internal Revenue Code of 1954,[2] the attribution rules of section 318 were applicable, and we found that the distributions were essentially equivalent to dividends. After the decisions were entered in that case, the petitioners filed agreements under section 302(c)(2)(A)(iii) with the respondent's counsel in this case. The counsel accepted the agreements but takes the position that they do not qualify under section 302(c)(2)(A)(iii). Subsequently, the petitioners filed motions with this Court requesting reconsideration of its opinion and vacation of the decisions.

Several of the arguments presented in support of the petitioners' motions are reiterations of arguments made in the course of the earlier litigation in this case. Since those arguments were considered fully in our earlier opinion, there is no need to deal with them further. Their only new argument is that because they have now filed the agreements described in section 302(c)(2)(A)(iii), the attribution rules are not applicable with the result that the redemption of their stock constituted a complete termination of their interests in the corporation within the meaning of section 302(b)(3). The respondent objects and takes the position that the agreements were filed too late to qualify under section 302(c)(2)(A)(iii); he argues that by attempting to file the agreements after the Court has entered its decisions in the case, the petitioners are in effect asking for a new trial on an alternative theory and that the questions raised by the petitioners' attempted filing of the agreements cannot adequately be considered at this stage in the litigation.

In the earlier trial, the petitioners presented two issues for adjudication. They argued that because of the hostility that existed between Mr. and Mrs. Haft, the attribution rules of section 318 should not be applied. After reviewing the Supreme Court's decision in *United States* v. *Davis*, 397 U.S. 301 (1970), we held that the attribution rules were applicable notwithstanding such family hostility. In the alternative, the petitioners contended that they had not filed the agreements described in section 302(c)(2)(A)(iii) because the respondent took the position that such agreements could not be filed by a trust or estate,

---

[2] All statutory references are to the Internal Revenue Code of 1954.

and they urged us to take the position that they had satisfied the requirements of section 302(c)(2) even though they had not filed such agreements. We rejected such argument on the ground that we have no authority to ignore the statutory requirement that such an agreement be filed.

It is the policy of this Court to try all the issues raised in a case in one proceeding to avoid piecemeal and protracted litigation. *Second Carey Trust*, 41 B.T.A. 800 (1940), affd. 126 F. 2d 526 (C.A.D.C. 1942), certiorari denied 317 U.S. 642 (1942). Reconsideration of proceedings already concluded is generally denied in the absence of substantial error or unusual circumstances. *Selwyn Operating Corporation*, 11 B.T.A. 593 (1928). In the interest of efficient performance of the judicial work, a second trial is not ordinarily granted to consider a new theory which could have been presented in the first trial. *Pierce Oil Corporation*, 30 B.T.A. 469 (1934); compare *Chatham Phenix Nat. Bank & Trust Co.* v. *Helvering*, 87 F. 2d 547 (C.A.D.C. 1936), reversing an unreported order of this Court (wherein a further trial was ordered when it was shown that the petitioner's lawyer was incompetent and lacked authority to represent the petitioner).

By attempting to file the agreements after the decisions were entered in the case, the petitioners are now presenting a new issue for adjudication; they are now requesting us to hold that agreements filed after the decisions have been entered will satisfy the requirement of section 302 (c)(2)(A)(iii). For us to consider such issue at this time presents a number of problems. In the first place, we would have to decide whether the filing of the agreements after the decisions in a case have been entered constitutes substantial compliance with the requirement of section 302(c)(2)(A)(iii). Although the regulations (sec. 1.302-4 (a), Income Tax Regs.) require such an agreement to be filed with the return, the courts have generally held that some delay in filing the agreement does not vitiate it. *United States* v. *G. W. Van Keppel*, 321 F. 2d 717 (C.A. 10, 1963); *Georgie S. Cary*, 41 T.C. 214 (1963); *Pearce* v. *United States*, 226 F. Supp. 702 (W.D.N.Y. 1964). On the other hand, the requirement was not satisfied when the agreement was filed after a decision of this Court had been appealed. *Fehrs Finance Co.* v. *Commissioner*, 487 F. 2d 184 (C.A. 8, 1973), certiorari denied 416 U.S. 938 (1974). The petitioners argue that this case is not governed by *Fehrs* because they filed the agreements while this Court still had jurisdiction of the case.

There is no simple mechanical test for deciding when there has been substantial compliance with the statutory requirement. Such doctrine has been followed when the petitioners have done most, but not all, of what was required of them, and the respondent's interests would not be jeopardized by such action. *Columbia Iron & Metal Co.*, 61 T.C. 5

(1973); *Fred J. Sperapani*, 42 T.C. 308 (1964); cf. *Octavio J. Valdes*, 60 T.C. 910 (1973). In *Van Keppel*, *Cary*, and *Pearce*, the agreement was filed within 2 years after the due date, was filed in the course of the audit of the returns, and was filed before the commencement of litigation. Whereas, in the present case, no attempt was made to file the agreements until almost 6 years after the time when they should have been filed, and no satisfactory excuse has been given for such a long delay in filing.

Another issue implicit in the petitioners' motions is that trusts can file the agreement described in section 302(c)(2)(A)(iii). The respondent has taken the position that they may not. Rev. Rul. 72–472, 1972–2 C.B. 202; Rev. Rul. 59–233, 1959–2 C.B. 106. The petitioners contend that since estates may now file such agreements (*Lillian M. Crawford*, 59 T.C. 830 (1973)), a fortiori, trusts may also. However, *Crawford* is not automatically dispositive of this case. The factual situation presented by that case is significantly different from the one presented here; trusts and estates are different entities and considerations applicable to one may not apply to the other.

In addition, the issue raised by the petitioners' motions is not purely legal. They assume that if we find that the filing of the agreements satisfied the requirement of section 302(c)(2)(A)(iii), they have met all the requirements of section 302(c)(2). However, there are other requirements contained in that provision; namely, the requirement in section 302(c)(2)(A)(i) that the distributee have no continuing interest in the corporation, other than as a creditor, and the requirement in section 302(c)(2)(A)(ii) that the distributee not acquire any interest in the corporation, other than by bequest or inheritance, within 10 years after the distribution. During the trial, the satisfaction of those requirements was not considered, and the petitioners offered no evidence on which we could make a finding that such requirements were satisfied.

In justice to both parties, these matters cannot be properly considered at this stage in the litigation. The parties have not had an opportunity to present fully their views on the question of whether filing the agreements at this time constitutes substantial compliance; nor have they had an opportunity to discuss whether a trust can file the agreement described in section 302(c)(2)(A)(iii). If the petitioners had attempted to file the agreements prior to the trial, then both parties would have been on notice and could have offered any relevant evidence, and the issues could have been examined and discussed fully in their briefs. If we were to undertake to decide such questions at this time, it would be done without giving both parties a fair opportunity to present their views. Moreover, we cannot make the findings neces-

sary to establish that the petitioners have satisfied all the requirements of section 302(c)(2). We are not deciding that a trust cannot file the agreement; we are merely holding that it is too late to present the issue at this time for decision.

The petitioners have suggested that there were reasonable grounds for their delay in filing the agreements, and consequently, they should be allowed to file the agreements at this time. They assert that until the decision in *United States* v. *Davis*, 397 U.S. 301 (1970), the law was unclear and that they had reason to believe that it was unnecessary for them to file the agreements. They also argue that they should not have been expected to file the agreements while the respondent maintained that they could not do so. However, alone, uncertainty does not justify delay. Cf. *John F. Bayley*, 35 T.C. 288 (1960). Moreover, the *Davis* case was decided in 1970, and after that decision, they should have recognized that it would be advisable for them to file the agreements. Despite the respondent's rulings, the shareholders in *Lillian M. Crawford*, 59 T.C. 830 (1973), filed the agreements and took the issue to Court. The petitioners in this case could have adopted a similar course.

This case is very similar to *Albert L. Dougherty*, 61 T.C. 719 (1974), wherein, after it was decided that the petitioners had made an effective election under section 962, they then attempted to conditionally withdraw their election. The Court refused to permit a withdrawal because it was not attempted until the completion of the litigation and the discovery that the taxpayers would be better off without the election. Although the present case concerns the situation where an election could have been made, but was not, there is no difference in principle between the cases. In both, an attempt was made to use hindsight to revoke a settled course of action; the rationale of *Dougherty* is applicable here, and the petitioners cannot at this late date make an election they could have made almost 6 years ago. The petitioners knew that they had realized income as the result of the redemption of their stock, and they should have recognized the advisability of filing the agreements, if not at the time of filing their returns for 1967, at least sometime prior to the trial of the case. *Columbia Gas System, Inc.* v. *United States*, 473 F. 2d 1244 (C.A. 2, 1973). Because of these circumstances, the present case is distinguishable on its facts from *Kean* v. *Commissioner*, 469 F. 2d 1183 (C.A. 9, 1972), affirming in part and reversing in part 51 T.C. 337 (1968), reversing an unreported order of this Court, rehearing denied, and *John F. Bayley, supra*, in both of which a late election was allowed, but in those cases, the need for making the election earlier was in doubt.

For these reasons, the petitoners' motions will be denied.

*An appropriate order will be issued.*