VINCENT W. BALUNAS AND HELEN L. BALUNAS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Balunas v. Commissioner
Docket Nos. 494-72, 4401-72 and 6728-72.
United States Tax Court
T.C. Memo 1977-48; 1977 Tax Ct. Memo LEXIS 393; 36 T.C.M. (CCH) 209; T.C.M. (RIA) 770048; February 24, 1977, Filed IRWIN
SUPPLEMENTAL MEMORANDUM OPINION IRWIN, Judge: Our original opinion in this case (T.C. Memo. 1975-199) was filed on June 23, 1975. Subsequently, decisions were entered in favor of respondent in all three dockets. On appeal the United States Court of Appeals for the Third Circuit vacated our decisions and remanded the case for further consideration. *394 Balunas v. Commissioner, F. 2d (3d Cir. 1976), 76-2 U.S.T.C. [*] 9774, 38 A.F.T.R. 2d 76-6167. The Court of Appeals asked us to consider several issues. First, they pointed out that although substantial concessions were made by respondent after the notices of deficiency were mailed, the decisions were inadvertently entered in the amounts of the original deficiencies. We regret this inadvertence. The correct amounts of the deficiencies may be computed under Rule 155, Tax Court Rules of Practice and Procedure, following the filing of this opinion. Secondly, the Court of Appeals asked us to consider the deductibility of certain expenses incurred by petitioner Vincent W. Balunas (hereafter referred to as petitioner) in traveling between his temporary places of work and his home on weekends in 1968 and 1970. Specifically, the court noted: Included in the deductions for 1968 was $479.00 expended for travel to home on a number of weekends during that year. This figure was not specifically listed in the return but was the amount the IRS finally conceded was in dispute. The 1970 return claimed similar expenditures in the sum of $1,980.00. At trial, *395 the Commissioner acquiesced in the $479.00 amount but disputed its deductibility. Although the record is not as clear with respect to the $1,980.00 figure for 1970, it seems that here, too, the controversy is whether that category of expense is a proper deduction rather than a lack of substantiation. In essence, the Internal Revenue Service asserts that the disputed items fall into the category of nondeductible commuting expenses. However, the findings and opinion of the Tax Court discussed the travel expenses only in the context of substantiation--an issue apparently conceded by the Service--and failed to address the propriety of the deductions. Consequently, there was no consideration given to whether the criteria set forth in Commissioner v. Flowers, 326 U.S. 465 (1945), have been met, nor was there any discussion of Revenue Ruling 54-497, * * * [Balunas v. Commissioner, F. 2d , (3d Cir. 1976).] It is true we did not consider the criteria set forth in Commissioner v. Flowers, 326 U.S. 465 (1946), nor discuss Rev. Rul. 54-497, 54-2 C.B. 75, in our original opinion. However, after a thorough *396 review of the confusing record in this case, we believe that respondent effectively conceded the deductibility of these travel expenses under section 162. [1] On brief respondent made this statement: * * * Respondent concedes for the purposes of this case that the petitioner is entitled to deduct the cost of his weekend travel between his temporary place of employment and his home, to the extent that the petitioner can substantiate the expenses under Code§ 274(d). We believe this concession obviates the need to discuss Flowers or the revenue ruling. This concession is not an unusual one in this area. The deductibility of travel expenses under section 162 is a threshold issue which must be decided before section 274(d) comes into play. [2] Rather than question the deductibility of these weekend travel expenses under section 162, respondent chose on brief to rely solely on section 274(d). [3]
*397 We acknowledge that respondent's language at trial was somewhat ambiguous and confusing on the question of the substantiation of these travel expenses. However, we are unable to discern any clearly expressed concession from this language, and without such a concession we feel that we should not foreclose respondent from litigating an issue properly raised. What is clear is that respondent relied on brief solely on section 274 to justify the disallowance of these expenses. This confirms our belief that respondent did not intend to concede these issues. Respondent did admit that the amount of the weekend travel expenses was not in issue. However, section 274 requires substantiation of time, place and business purpose in addition to the amount. Section 1.274-5(b)(2), Income Tax Regs. We have concluded that these other requirements of substantiation were not conceded by respondent nor do we feel petitioner was lead to believe they were. We think petitioner understood that his burden at trial was to substantiate his travel expenses. Indeed, his diaries were *398 placed in evidence in an attempt to do just that. In reaching the above conclusions, we have carefully reviewed the entire record in this case in light of the directions of the Court of Appeals for the Third Circuit. Since we have concluded that respondent did not concede the substantiation issues, we again reach the holding of our original opinion that petitioner has failed to carry his burden to adequately substantiate his weekend travel expenses. Consequently, no deduction can be allowed for them. There remains for our consideration one last issue regarding the statute of limitations for the year 1966. The notice of deficiency for that year was mailed on June 29, 1972, more than three years after petitioners' tax return for 1966 was due. [4]
In our first opinion in this case we noted that the statute of limitations had not been pleaded by petitioners in their petition *399 and the issue was, therefore, not one we had to decide. The Court of Appeals referred to our opinion by noting: * * * Although the court was aware of this fact [that the notice of deficiency was mailed more than three years after the due date for the return], it did not make any inquiry because the petitioner failed to specifically plead the statute of limitations as required by Tax Court Rule 39. However, that court's Rule 41 encourages liberality in allowing amendments and, accordingly, the court may wish to give some consideration to the letter written by petitioner on April 9, 1975, in which he requested information about the statute of limitations.Again, the record is such that we can do no more than bring the matter to the attention of the Tax Court. [Blaunas v. Commissioner, F. 2d , (3d Cir. 1976).] The letter referred to by the Court of Appeals was handwritten by petitioner Vincent W. Balunas and actually dated April 17, 1975. It was written on the face of a copy of a typed letter sent to petitioner from Francis J. Cantrel, Assistant Clerk of the United States Tax Court. Mr. Cantrel's letter was dated April 9, 1975, and this appears to be the *400 reason for the date in the quote set out above. Petitioner's handwritten note to Mr. Cantrel is as follows: 4-17-75 Dear Mr. Cantrel Enclosed are copies of exhibits #1 thru #7. Exhibit #8 was sent to your office 5-11-73. Could you possibly have gotten the original in error. If there is anything else I can do don't hesitate to let me know. What is the Statute of Limitations on the above Docket No's. Would you please let me know. Yours Truly Vince W. Belunes [sic] The petition for docket No. 6728-72 contesting the deficiency asserted for 1966 was filed August 23, 1972. The trial for all three dockets herein was held on May 8 and 9, 1973. Petitioners' opening brief was filed on December 5, 1973, and their reply brief was filed on April 30, 1974. The subsequent delay in reaching a decision in this case was brought about in large part by the refusal of petitioner Vincent W. Balunas to submit copies of his diaries and other evidence to the Court after being repeatedly requested to do so. [5] Copies of these exhibits (with one exception) were ultimately received and filed by the Court on April 18, 1975. It was at this time that petitioner first inquired *401 about the statute of limitations. Rule 39, Tax Court Rules of Practice and Procedure, states: A party shall set forth in his pleading any matter constituting an avoidance or affirmative defense, including res judicata, collateral estoppel, estoppel, waiver, duress, fraud, and the statute of limitations. A mere denial in a responsive pleading will not be sufficient to raise any such issue. Rule 41(a), Tax Court Rules of Practice and Procedure, states in part: (a) Amendments: A party may amend his pleading once as a matter of course at any time before a responsive pleading is served. If the pleading is one to which no responsive pleading is permitted and the case has not been placed on a trial calendar, he may so amend it at any time within 30 days after it is served. Otherwise a party *402 may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be given freely when justice so requires. * * * [Emphasis supplied.] The Note which follows Rule 41(a) appears at 60 T.C. 1089 and indicates that this Court has adopted "a liberal attitude toward amendment of pleadings." The letter of April 17, 1975, was mailed long after this case was tried and briefed. Because of this delay, we believe it is within our discretion to deny petitioners permission to amend their pleadings to raise the statute of limitations issue. [6] Raising this issue long after trial could easily require a new trial. As we said under similar circumstances in Edwin E. Markwardt, 64 T.C. 989, 998 (1975): * * * [Contrary] to the petitioner's assertions in his brief, an amendment of the pleadings would require a retrial of this case to allow the Commissioner an opportunity to present evidence on this issue. To provide a further trial would be contrary to the established policy of this Court to try all issues raised in a case *403 in one proceeding and to avoid piecemeal and protracted litigation. Robin Haft Trust, 62 T.C. 145, 147 (1974), affd. on this issue 510 F. 2d 43 (1st Cir. 1975); Second Carey Trust, 41 B.T.A. 800 (1940), affd. 126 F. 2d 526 (D.C. Cir. 1942), cert. denied 317 U.S. 642 (1942). A second trial is not ordinarily granted to consider a new theory which could and should have been presented in the first trial. * * * The petitioner offers no reasons for his failure to raise this issue timely so we conclude that his motion must be denied. Although there is no motion presently before us, we decline to accept petitioner's letter of April 17, 1975, as either a motion to amend the petition or an amended petition. Petitioners have had an adequate and full opportunity to raise all the issues they desired. Rule 39, Tax Court Rules of Practice and Procedure, requires that the statute of limitations be specifically pleaded. This was not done here, and consequently, we hold that the issue is not properly before us. Decisions will be entered *404 under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the years in issue.↩
2. See section 1.274-1, Income Tax Regs., which states: * * * The requirements imposed by section 274 are in addition to the requirements for deductibility imposed by other provisions of the Code. If a deduction is claimed for an expenditure for entertainment, gifts, or travel, the taxpayer must first establish that it is otherwise allowable as a deduction under chapter 1 of the Code before the provisions of section 274↩ become applicable. * * * 3. Respondent could, of course, have continued to claim that petitioner failed to meet the requirements of both sections. However, for reasons not stated, he chose not to.↩
4. Petitioners' 1966 return was signed on April 14, 1967. There is no indication in the record when the return was mailed or when it was received by the Internal Revenue Service. In addition, we have no idea whether petitioners signed a waiver of the statute of limitations under section 6501(c)(4).↩
5. Those diaries and other exhibits were entered into evidence at trial, but petitioner was permitted to retain the originals in his possession, provided he would submit legible copies in their place.↩
6. See Foman v. Davis, 371 U.S. 178, 182↩ (1962).