T.C. Memo. 2006-146

UNITED STATES TAX COURT

HENRY LINK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 11065-04, 20809-04.[1]    Filed July 10, 2006.

Henry Link, pro se.

<u>J. Craig Young</u>, for respondent.

MEMORANDUM OPINION

WELLS, <u>Judge</u>:  Respondent determined deficiencies in tax and
additions to tax for petitioner's taxable years 1998, 1999, 2000,
2001, and 2002.  After concessions the amounts remaining in
dispute are as follows:

---

[1]These cases are consolidated for trial, briefing, and
opinion.

| Year | Deficiency | Sec. 6651(a)(1) |
|------|------------|-----------------|
| 1998 | $742 | $185.50 |
| 1999 | $725 | $181.25 |
| 2000 | $692 | $173 |
| 2001 | $652 | $163 |
| 2002 | $584 | $146 |

The issues we must decide are:

1.   Whether the Court should grant petitioner's motion to reopen the record in order to allow petitioner to introduce evidence that he had the opportunity to introduce at trial but failed to introduce or offer.

2.   Whether certain interest and pension income received by petitioner during each taxable year in issue is includable in gross income.

3.   Whether petitioner's correct filing status for each taxable year in issue is that of an unmarried individual.

4.   Whether petitioner is entitled to claim an additional personal exemption for his alleged wife for each taxable year in issue.

5.   Whether petitioner has substantiated certain Schedule A, Itemized Deductions, for each taxable year in issue.

6.   Whether petitioner's failure to file Federal income tax returns for each taxable year in issue was due to reasonable cause and not due to willful neglect.

7.   Whether the Court should grant respondent's motion to

impose a penalty pursuant to section 6673.

All section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

At the time of filing the petition in the instant case, petitioner resided in Greenville, South Carolina. Petitioner is affiliated with the "Patriot Network", a tax protester organization that promotes tax protester arguments. Petitioner failed to file Federal income tax returns and pay taxes for taxable years 1998, 1999, 2000, 2001, and 2002. Based on Forms 1099 issued by third parties, respondent determined that petitioner had received: (1) Interest income of $13, $21, $30, $39, and $1,881 in taxable years 1998 through 2002, respectively; and (2) $12,948 of taxable pension income during each taxable year in issue. Respondent determined deficiencies in income tax and section 6651(a)(1) and section 6654[2] additions to tax and sent petitioner separate notices of deficiency for each taxable year in issue. Respondent computed the deficiencies using the tax rates under section 1(c) for an unmarried individual who is not a head of household or a surviving spouse. Respondent also determined that petitioner was entitled to one personal exemption and one standard deduction for each tax year. Petitioner timely

---

[2]Respondent now concedes the sec. 6654 additions to tax.

petitioned this Court.

## Discussion

As a general rule, the Commissioner's determinations in the notice of deficiency are presumed correct, and the burden of proving an error is on the taxpayer.[3]  Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).  Under section 7491(c), the Commissioner's burden of production is to produce evidence that it is appropriate to impose the relevant penalty, addition to tax, or additional amount.  <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446 (2001).  The Commissioner, however, does not have the obligation to introduce evidence regarding reasonable cause.  <u>Id.</u> at 446-47.

We first address petitioner's motion to reopen the record.  Petitioner contends that he is entitled to an additional dependent exemption for his wife.  Despite several requests by respondent's counsel for any documents relevant to issues in the instant case, petitioner refused to provide any evidence that proved he was married.  Petitioner appeared at trial and again refused to provide any evidence, contending that he believed that he did not have to prove facts known in his community.

Petitioner also contended that a house fire had destroyed many of

---

[3]Sec. 7491(a)(1) does not apply in the instant case because petitioner refused to comply with respondent's requests for information and documents.  See sec. 7491(a)(2).

his documents several years earlier. Shortly after trial, on January 24, 2006, petitioner filed a motion to reopen the record in order to submit evidence of his marriage.[4]

Respondent contends that this Court should deny petitioner's motion because respondent had requested the evidence from petitioner, and petitioner had numerous chances to provide the evidence prior to and at trial and repeatedly refused and failed to do so. In the alternative, respondent requests that, if this Court grants petitioner's motion, respondent be allowed additional time to subpoena petitioner's spouse's son to prove that petitioner's spouse has her own income and cannot be claimed as petitioner's dependent.[5] We deny petitioner's motion to reopen the record to admit the evidence because it is the policy of the Court to try all of the issues raised in a case in one proceeding to avoid piecemeal and protracted litigation. Haft Trust v. Commissioner, 62 T.C. 145, 147 (1974), vacated 510 F.2d 43 (1st Cir. 1975). Petitioner was given ample opportunity to

---

[4]Specifically, petitioner sought to introduce a marriage certificate and his spouse's Social Security number.

[5]In petitioner's motion he states that, because he was so angered by respondent's refusal to accept his word as proof of his marital status, he forgot that he was able to provide the requested information. Petitioner further states that he retrieved his spouse's Social Security number from her son who handles all her banking. Petitioner also states that his wife receives Social Security income. Respondent cites sec. 151(b) and Turner v. Commissioner, T.C. Memo. 2004-251, for the proposition that any income petitioner's spouse receives, however small, bars petitioner from claiming his spouse as a dependent.

provide this evidence both prior to and at trial, and he stubbornly refused to do so. Moreover, petitioner refused to abide by the Court's standing pretrial order that requires all documents that a party expects to utilize at trial be provided to the other party at least 14 days in advance of the trial calendar. Accordingly, petitioner's motion to reopen the record is denied.

Gross income includes interest and pension income. Sec. 61(a)(4), (11). Petitioner does not deny that he received the interest and pension income but argues that the pension income is "labor property" and that the interest income is so insignificant that it falls below the threshold requiring him to file. We understand petitioner's argument to mean that he receives his pension income from his former employer for whom he once performed services (or labor), and that any amount he receives in exchange for his labor is a nontaxable exchange of equal value. That argument has been rejected by every court that has addressed the issue and is the type of frivolous tax protester argument that wastes the Court's time and resources. We do not address petitioner's "labor property" argument with somber reasoning and copious citations of precedent, as to do so might suggest that petitioner's argument possesses some degree of colorable merit. See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984). Petitioner's total pension and interest income for each taxable

year in issue exceeded the sum of the standard deduction and personal exemption. Sec. 6012(a)(1). Accordingly, petitioner was required to file income tax returns for taxable years 1998 through 2002.

A taxpayer may claim married filing jointly status if he and his spouse are legally eligible to file jointly and in fact do file. See secs. (1)(a), 6013; <u>Columbus v. Commissioner</u>, T.C. Memo. 1998-60, affd. without published opinion 162 F.3d 1172 (10th Cir. 1998). Petitioner did not file tax returns during each year in issue. As noted above, petitioner was given multiple opportunities to present corroborating evidence regarding his marital status but stubbornly refused to do so. We therefore do not accept petitioner's uncorroborated assertion of his marital status. Consequently, we hold that petitioner has failed to prove that his filing status is not that of an unmarried individual. Rule 142(a); <u>Welch v. Helvering</u>, <u>supra</u>. Accordingly, petitioner is not entitled to married filing jointly status.

A taxpayer filing a separate return may claim an exemption for his spouse if his spouse has no gross income and is not the dependent of another taxpayer. Sec. 151(b). Petitioner contends that he is entitled to claim his spouse as a dependent. Even assuming that petitioner is married, petitioner presented no evidence that his spouse does not have any income of her own.

See Turner v. Commissioner, T.C. Memo. 2004-251; sec. 1.151-1(b), Income Tax Regs. Petitioner's motion to reopen the record states that his spouse receives Social Security income. Accordingly, we hold that petitioner is not entitled to an additional exemption under section 151. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

In his petition to this Court, petitioner claimed that he had several deductible Schedule A expenses including church donations, medical expenses, State and local taxes, and a casualty loss. Petitioner has not presented any evidence substantiating these expenses or showing that such expenses totaled more than the standard deduction. At trial, petitioner offered no testimony or other evidence concerning such expenses. Accordingly, we hold that petitioner is not entitled to any claimed Schedule A expenses. Rule 142(a); Welch v. Helvering, supra.

Section 6651(a)(1) imposes an addition to tax for a failure to file an income tax return. A taxpayer may be relieved of the addition to tax, however, if he can demonstrate that the "failure * * * [is] due to reasonable cause and not due to willful neglect". Higbee v. Commissioner, 116 T.C. at 446-447. Willful neglect means intentional failure or reckless indifference. United States v. Boyle, 469 U.S. 241, 245 (1985). Section 301.6651-1(c)(1), Proced. & Admin. Regs., provides that, if a

taxpayer exercises ordinary business care and prudence and is nevertheless unable to file on time, then the delay is due to reasonable cause.  Petitioner did not timely file tax returns during the years in issue because he believed that his pension income was a nontaxable exchange of equal value for his labor and that filing income tax returns is merely voluntary.  Petitioner's misguided interpretations of the Constitution and other typical tax protester arguments are not reasonable cause.  See Yoder v. Commissioner, T.C. Memo. 1990-116.  Accordingly, we hold that petitioner is liable for the addition to tax under section 6651(a)(1) for taxable years 1998 through 2002.

Section 6673(a)(1) provides that this Court may require the taxpayer to pay a penalty not in excess of $25,000 whenever it appears to this Court:  (a) The proceedings were instituted or maintained by the taxpayer primarily for delay; (b) the taxpayer's position is frivolous or groundless; (c) or the taxpayer unreasonably failed to pursue available administrative remedies.  Respondent has moved that the Court impose a penalty in the instant case because petitioner admitted at trial that he received the amounts in dispute but argued his pension income was nontaxable "labor property" and that our "Marxist" tax system is voluntary.  Petitioner received several warnings that this Court could impose a penalty if petitioner persisted in raising frivolous arguments.  Despite being warned, petitioner

nonetheless appeared at trial and raised frivolous arguments. Accordingly, we shall impose a penalty on petitioner of $1,500 pursuant to section 6673.

To reflect the foregoing,

<u>Appropriate orders and decisions will be entered.</u>