ESTATE OF CARL C. GUNLAND, DECEASED, R. ELAINE GUNLAND, EXECUTRIX, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 968-85.     Filed June 4, 1987.

*James H. Perkins* and *Walter S. Moeller*, for the petitioner.

*Steven Mather*, for the respondent.

### OPINION

COHEN, *Judge*: Respondent determined a deficiency of $325,094 in petitioner's estate tax. After concessions, the issues for decision are: (1) Whether petitioner's failure to attach a recapture agreement of the type referred to in section 2032A(d)(2)[1] to its original estate tax return defeats petitioner's attempted election of section 2032A special use valuation and, if not, (2) whether petitioner also may claim a minority or marketability discount in the valuation of certain stock.

### Background

Carl C. Gunland (decedent) died testate on February 10, 1981. R. Elaine Gunland, decedent's widow and executrix of

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect at decedent's date of death.

his estate, resided in Fresno, California, when the petition was filed. This case was submitted fully stipulated, and the facts set forth in the stipulation are incorporated by reference as our findings.

On November 9, 1981, respondent received an application for extension of time to file petitioner's estate tax return. Respondent granted an extension to May 10, 1982, and on that date petitioner mailed its estate tax return (the original return).

The original return made reference to and contained computations reflecting section 2032A special use valuations. For example, petitioner typed an "X" in the "Yes" block on page 2 of the return in response to the question: "Do you elect the special valuation described in instruction 13?" Fair market valuations and section 2032A valuations of decedent's interests in certain property were attached to the return. Included on the return were the names, identifying numbers, relationships, and addresses of the parties receiving any interest in the specially valued property.

An agreement of the type referred to in section 2032A(d)(2) was not, however, attached to the return. On September 23, 1982, respondent received petitioner's amended return. The amended return contained revised fair market valuations and section 2032A valuations. An agreement dated April 14, 1982, was attached to the amended return. The parties agree that except as to timeliness, the agreement filed with the amended return meets the requirements of section 2032A(d)(2).

## Discussion

The pertinent provisions of section 2032A were adopted as a part of the Tax Reform Act of 1976, sec. 2003(a), Pub. L. 94-455, 90 Stat. 1856, in order to encourage the continued use of property for farming and other small business purposes. H. Rept. 94-1380 (1976), 1976-3 C.B. (Vol. 3) 755-756; S. Rept. 94-938 (Part 2) (1976), 1976-3 C.B. (Vol. 3) 657. Section 2032A permits special valuation of property on the basis of actual use, rather than the fair market value, for estate tax purposes.

Section 2032A provides limited tax relief. The decedent must have been a citizen or a resident of the United States,

and the subject property must be located in the United States. The real property must have been used as a farm or in a trade or business by the decedent or by a member of the decedent's family, and the decedent or a member of the decedent's family must have materially participated in the operation of the farm or the business. The property qualifies for special use valuation only if it passes to a qualified heir, who must also be a member of the decedent's family. Ownership and use requirements set forth in the statute must be satisfied for 15 years after the decedent's death to avoid recapture of part of the tax savings resulting from special use valuation.

The limited tax relief provided by section 2032A is not automatically available. Section 2032A(a)(1)(B) provides that an estate may obtain the benefits of special use valuation only by electing application of section 2032A and by filing the agreement referred to in section 2032A(d)(2) (the recapture agreement). Section 2032A(d)(2) describes the agreement as a written agreement signed by each person who has an interest in the qualified property consenting to personal liability for any recapture tax imposed by section 2032A(c).

The statute controls the *timing* of the estate's election. Section 2032A(d)(1), as applicable to this case, provides that a valid election shall be made not later than the time prescribed by section 6075(a) for filing an estate tax return, including extensions.[2] Section 6075(a) states that an estate tax return shall be filed within 9 months after the decedent's death, and section 6081 provides that respondent generally may grant an extension no longer than 6 months.

Regulations prescribe the election's *contents*. Section 2032A(d)(1) provides that a valid election "shall be made in such manner as the Secretary shall by regulations pre-scribe." Section 20.2032A-8(a)(3), Estate Tax Regs., states that an election under section 2032A is made by attaching to a timely filed estate tax return a notice of election containing 14 items of information and the agreement described in section 2032A(d)(2). The regulations provide

[2]The Economic Recovery Tax Act of 1981, Pub. L. 97-34, 95 Stat. 172, amended sec. 2032A to provide that a valid election shall be made on the decedent's estate tax return, rather than by the due date of that return. Sec. 2032A as amended is applicable only to the estates of decedents dying after Dec. 31, 1981. Here, decedent died on Feb. 10, 1981.

that "If neither an election nor a protective election is timely made, special use valuation is not available to the estate. See sections 2032A(d)(1), 6075(a), and 6081(a)." Sec. 20.2032A-8(a)(3), Estate Tax Regs.[3]

Respondent argues that because a recapture agreement was not attached to petitioner's original return, petitioner did not properly elect special use valuation. Petitioner contends that: (1) Section 20.2032A-8(a)(3), Estate Tax Regs., is invalid to the extent that it requires attachment of the recapture agreement to a timely filed return, (2) the District Director abused his discretion in refusing to accept the agreement filed with the amended return, and (3) the timely filed original return contained a valid protective election pursuant to section 20.2032A-8(b), Estate Tax Regs. We will discuss each of petitioner's contentions in turn.

*Section 20.2032A-8(a)(3), Estate Tax Regs.*

Petitioner argues that section 20.2032A-8(a)(3), Estate Tax Regs., must be set aside as unreasonable and overly restrictive. Petitioner notes that the provisions of section 2032A appear to draw a distinction between the act of election and the filing of an agreement. Section 2032A(a)(1)(B) provides that special use valuation is available when "the executor elects the application of this section *and* files the agreement referred to in subsection (d)(2)." (Emphasis supplied.) Section 2032A(d)(1) provides that the *election* "shall be made in such manner as the Secretary shall by regulations prescribe," but does not explicitly refer to regulations governing the filing of the agreement. Section 2032A(d)(2) also does not specify when the agreement must be filed. Petitioner thus maintains that the regulation's specification of when the agreement must be filed is without authorization in the statute.

We disagree. Section 2032A(a)(1)(B) provides that special use valuation is available when the executor makes an election and files the required agreement. The election alone is not sufficient to obtain the benefits of section 2032A. Section 2032A(d)(1), which specifies when the election must

---

[3]Sec. 20.2032A-8, Estate Tax Regs., does not reflect changes made by the Economic Recovery Tax Act of 1981, Pub. L. 97-34, 95 Stat. 172.

be made, of course refers only to valid and effective elections. Without the agreement, an election is neither valid nor effective. Section 2032A(d)(1) consequently authorizes the Secretary to prescribe regulations governing the filing of the agreement as one of the components of a valid election. Section 20.2032A-8(a)(3), Estate Tax Regs., is thus a "legislative" regulation expressly authorized by the statute.

"Legislative" regulations are entitled to greater weight and deference than are accorded to interpretive regulations. See *United States v. Vogel Fertilizer Co.*, 455 U.S. 16 (1982); *Rowan Companies, Inc. v. United States*, 452 U.S. 247 (1981); *Estate of Clinard v. Commissioner*, 86 T.C. 1180, 1188-1189 (1986). Such legislative regulations must be sustained unless unreasonable and plainly inconsistent with the statute they are designed to implement. *Commissioner v. South Texas Lumber Co.*, 333 U.S. 496 (1948); *Olson v. Commissioner*, 81 T.C. 318, 323 (1983). In this case, the result would be the same if section 20.2032A-8(a)(3) were an "interpretive" regulation.

We conclude that section 20.2032A-8(a)(3) is neither unreasonable nor inconsistent with the statute it is designed to implement. Recapture of tax benefits pursuant to section 2032A(c) is a limitation designed to ensure continued use of specially valued property as a family farm or business. In the absence of the recapture agreement, it is not clear that qualified heirs without possessory interests in the specially valued property are on notice of the recapture tax provisions and thus subject to recapture tax under section 2032A(c). Section 2032A(a)(1)(B) and section 20.2032A-8(a)(3), Estate Tax Regs., consequently provide that the filing of the recapture agreement is a necessary prerequisite to special use valuation. Respondent's regulation recognizes that the timely filing of the agreement is, in effect, one *component* of a valid election under section 2032A. The House Committee on Way and Means stated:

Under your committee's bill the election to use this special use valuation may be made not later than the time for filing the estate tax return, including extensions.
  *One of the requirements for making a valid election is the filing with the estate tax return of a written agreement signed by each person in*

*being who has an interest (whether or not in possession) in any qualified real property with respect to which the use valuation is elected.* This agreement must evidence the consent of each of these parties to the application of the recapture tax provisions to the property. As noted above, such a consent also amounts to a consent to be personally liable for any recapture tax imposed with respect to the qualified heir's interest in the qualified property. Your committee feels that each person receiving an interest subject to potential recapture should agree to this potential liability, especially since that person may not have received the tax benefits from the special use valuation (because the estate tax is to be paid by a residuary legatee who did not receive farm property, for example). [H. Rept. 94-1380, 1976-3 C.B. (Vol. 3) 735, 761. Emphasis supplied.]

Section 20.2032A-8(a)(3), Estate Tax Regs., is not invalid.

*Substantial Compliance*

Petitioner next argues that it is nevertheless entitled to the benefits of special use valuation because it substantially complied with the regulation's requirements. Petitioner maintains that respondent's District Director consequently abused his discretion in rejecting the agreement filed with the amended return. Petitioner relies on a line of cases interpreting regulations issued pursuant to section 302(c)(2)(A)(iii). These cases hold that a regulation which prescribes the time and manner for filing an agreement relating to stock redemptions does not deprive respondent's District Director of the discretionary authority to accept a late-filed agreement. *United States v. Van Keppel*, 321 F.2d 717 (10th Cir. 1963); *Cary v. Commissioner*, 41 T.C. 214 (1963). In each of these cases, the taxpayer's election was allowed because the taxpayer had "substantially complied" with respondent's regulations.

Petitioner's reliance is misplaced. In *Taylor v. Commissioner*, 67 T.C. 1071, 1077-1078 (1977), we observed that:

The test for determining the applicability of the substantial compliance doctrine has been the subject of a myriad of cases. The critical question to be answered is whether the requirements relate "to the substance or essence of the statute." *Fred J. Sperapani*, 42 T.C. 308, 331 (1964). If so, strict adherence to all statutory and regulatory requirements is a precondition to an effective election. *Lee R. Dunavant*, 63 T.C. 316 (1974). On the other hand, if the requirements are procedural or directory in that they are not of the essence of the thing to be done but are given with a view to the orderly conduct of business, they may be fulfilled by

substantial, if not strict, compliance. See *Lee R. Dunavant, supra*; *Georgie S. Cary*, 41 T.C. 214 (1963); *Columbia Iron & Metal Co.*, 61 T.C. 5 (1973). * * *

In the cases cited by petitioner and in similar cases decided by this Court, the regulations in issue were held "procedural" or "directory" in nature. See, e.g., *Taylor v. Commissioner, supra*; *Hewlett-Packard Co. v. Commissioner*, 67 T.C. 736 (1977); *Columbia Iron & Metal Co. v. Commissioner*, 61 T.C. 5 (1973); but see *Valdes v. Commissioner*, 60 T.C. 910 (1973); *Fehr Finance Co. v. Commissioner*, 58 T.C. 174 (1972), affd. 487 F.2d 184 (8th Cir. 1973); *National Western Life Insurance Co. v. Commissioner*, 54 T.C. 33 (1970). Section 20.2032A-8(a)(3), Estate Tax Regs., is not such a "procedural" or "directory" regulation. The requisite agreement is an integral part of the statutory scheme in that it subjects all qualified heirs to potential recapture tax liability. Moreover, the substantial compliance doctrine is not applicable where, as here, the statute or regulation provides with detailed specificity the manner in which an election is to be made. *Taylor v. Commissioner*, 67 T.C. at 1080; *Thorrez v. Commissioner*, 31 T.C. 655 (1958), affd. 272 F.2d 945 (6th Cir. 1959). Substantial compliance is therefore insufficient to secure the benefits of special use valuation.[4]

*Protective Election*

Finally, petitioner maintains that the original return contained the elements of a "protective election" under section 20.2032A-8(b), Estate Tax Regs. Petitioner is mistaken. A protective election may be made when an appraisal of specially valued property is pending when the return is filed. Such an election is contingent upon the subsequent determination of values meeting the requirements of section 2032A. Section 20.2032A-8(b), Estate Tax Regs., explicitly provides that "The protective election is to be made by a notice of election filed with a timely estate tax return *stating that a protective election under section 2032A is*

---

[4]Several cases stand for the general proposition that the strict requirements of sec. 2032A must be met in order for taxpayers to receive the statutory relief. *Estate of Cowser v. Commissioner*, 736 F.2d 1168 (7th Cir. 1984), affg. 80 T.C. 783 (1983); *Estate of Abell v. Commissioner*, 83 T.C. 696 (1984); *Estate of Coon v. Commissioner*, 81 T.C. 602 (1983); *Estate of Geiger v. Commissioner*, 80 T.C. 484 (1983). We have held that even reasonable cause does not excuse noncompliance with the sec. 2032A filing requirements. *Estate of Williams v. Commissioner*, T.C. Memo. 1984-178; *Estate of Boyd v. Commissioner*, T.C. Memo. 1983-316.

*being made* pending final determination of values." (Emphasis supplied.) Nowhere on its return did petitioner state that an appraisal of the specially valued property was in progress or that it wished to file a protective election.

### Conclusion

We have considered each of the arguments advanced by the parties. We hold that petitioner's failure to attach a recapture agreement to its original return defeats its attempted election of section 2032A special use valuation. Because of our resolution of this first issue, we need not address the second issue presented for decision in this case. To reflect the concessions of the parties,

*Decision will be entered under Rule 155.*