ESTATE OF CURTIS H. JOHNSON, DECEASED, KIRBY JOHNSON, PERSONAL REPRESENTATIVE, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 37085-85.          Filed July 20, 1987.

---

*Robert S. Mucklestone*, for the petitioner.
*Larry N. Johnson*, for the respondent.

OPINION

FEATHERSTON, *Judge*: Respondent determined a deficiency in the amount of $123,735 in petitioner's estate tax and an addition to tax under section 6651(a)[1] in the amount of $6,187. The issues for decision are:

(1) Whether petitioner effectively elected to have decedent's interest in certain parcels of real property valued under section 2032A as special use property rather than at its full fair market value.

(2) Whether petitioner is liable for an addition to tax under section 6651(a) for failure to file a timely estate tax return.[2]

All the facts are stipulated.

Curtis H. Johnson (decedent) died on October 12, 1981, and Kirby Johnson, a resident of Mt. Vernon, Washington, at the time the petition was filed, is the personal representative of decedent's estate. Under section 6075(a), the Federal estate tax return for decedent's estate was due on July 12, 1982, 9 months after the date of decedent's death. Petitioner did not request and was not granted an extension of time for filing its estate tax return. The estate filed its Federal estate tax return on July 27, 1982, approximately 15 days after it was due.[3]

[1]All section references are to the Internal Revenue Code of 1954 as amended, unless otherwise noted.

[2]Issues raised by petitioner in its brief relating to the marital deduction under sec. 2056(c), the deduction for attorney's fees under sec. 2053(a)(2), the deduction for interest incurred on a deficiency of tax under sec. 163(a), and the election to extend time to pay Federal estate tax under sec. 6166(h), may be addressed in a computation pursuant to Rule 155. No facts relating to these issues were stipulated by the parties.

[3]The parties have stipulated that the estate tax return was mailed on July 23, 1982, and received by respondent on July 27, 1982. Because the return was mailed after the date

The parties have stipulated that the following reflect the values of decedent's interests in certain parcels of real property determined under the special use valuation provisions of section 2032A, as reported on the estate tax return, and the fair market value of the interests on October 12, 1981: [4]

| Parcel number[1] | Value on return under sec. 2032A | Fair market value |
|---|---|---|
| 1 | $25,280 | $104,995 |
| 2 | 34,763 | 59,620 |
| 3 | 1,400 | 35,950 |
| 6 | 52,852 | 173,745 |
| 7 | 49,580 | 150,450 |
| 8 | 14,829 | 45,000 |
| 9 | 4,834 | 14,670 |
| 10 | 38,962 | 118,230 |
| 11 | 20,207 | 109,175 |
| 12 | 20,207 | 95,280 |
| 14 | 13,885 | 50,330 |
| 15 | 27,445 | 99,480 |
| | 304,244 | 1,056,925 |

[1]Parcel numbers correspond to those numbers assigned to parcels of real property listed in petitioner's estate tax return, Schedule A.

Petitioner's primary contention is that the parcels of real property enumerated above should be valued for estate tax purposes under the special use valuation provisions of section 2032A. Respondent argues, however, that petitioner is not entitled to value the property for special use, but must use the fair market value on the date of decedent's death, because petitioner did not effectively elect to value the property pursuant to section 2032A.

For estate tax purposes, real property must ordinarily be included in a decedent's gross estate at its fair market value based on its highest and best use. If certain requirements are met, however, section 2032A permits family farms and real property used in other closely held businesses to be included in the gross estate at their current use values rather than their fair market values. See *Estate of*

prescribed for filing the return, the date respondent received the return (July 27, 1982) will be treated as the date the return was filed. Sec. 7502(a).

[4]The parties have further stipulated to the includability and fair market value of certain other parcels of real property in which decedent had an interest at his death. However, because petitioner does not assert a special use valuation with respect to these parcels, the stipulations may be reflected in a computation pursuant to Rule 155.

*Coon v. Commissioner,* 81 T.C. 602, 608 (1983); *Estate of Geiger v. Commissioner,* 80 T.C. 484, 487 (1983).

In the form in which it was in effect on the date of decedent's death, section 2032A(d)(1) provided that the election of special use valuation must be made "not later than the time prescribed by section 6075(a)" for filing an estate tax return including extensions thereof. The applicable regulation provides in pertinent part: (sec. 20.2032A-8(a)(3), Estate Tax Regs.)

(3) *Time and manner of making election.* An election under this section is made by attaching to a *timely filed estate tax return* the agreement described in paragraph (c)(1) of this section and a notice of election which contains the following information: [Emphasis added.]

In the instant case, decedent's estate tax return was due to be filed not later than July 12, 1982. Sec. 6075(a). Therefore, the estate tax return filed by petitioner on July 27, 1982, was not filed within the time prescribed by the statute and, accordingly, the attempted election contained in the return was not effective.[5]

Congress amended section 2032A(d)(1) in 1981 to allow the election of special use valuation to be made on the first estate tax return filed by the estate, whether or not timely filed. Economic Recovery Tax Act of 1981, Pub. L. 97-34, sec. 421(j)(3), 95 Stat. 313. This amendment was made effective, however, only with respect to decedents dying *after* December 31, 1981 (Pub. L. 97-34, sec. 421(k)(1), 95 Stat. 313), and, as stated above, decedent died October 12, 1981. Petitioner is clearly not permitted to benefit by this change in the law, and petitioner concedes that it is not.

Petitioner contends, however, that section 2032A(d)(3), added by the Tax Reform Act of 1984 (Pub. L. 98-369, sec. 1025(a), 98 Stat. 1030), provides relief. Section 2032A(d)(3) provides:

(3) MODIFICATION OF ELECTION AND AGREEMENT TO BE PERMITTED.— The Secretary shall prescribe procedures which provide that in any case in which—

(A) the executor makes an election under paragraph (1) within the time prescribed for filing such election, and

---

[5]*Estate of McCoy v. Commissioner,* T.C. Memo. 1985-509, affd. 809 F.2d 333 (6th Cir. 1987); *Estate of Williams v. Commissioner,* T.C. Memo. 1984-178; *Estate of Boyd v. Commissioner,* T.C. Memo. 1983-316.

(B) substantially complies with the regulations prescribed by the Secretary with respect to such election, but—

    (i) the notice of election, as filed, does not contain all required information, or

    (ii) signatures of 1 or more persons required to enter into the agreement described in paragraph (2) are not included on the agreement as filed, or the agreement does not contain all required information,

the executor will have a reasonable period of time (not exceeding 90 days) after notification of such failures to provide such information or agreements.

The above amendment was made retroactive to apply to decedents dying after December 31, 1976. Pub. L. 98-369, sec. 1025(b)(1), 98 Stat. 1031.

Thus, section 2032A(d)(3)(A) specifically requires the executor to make the election under section 2032A(d)(1) "within the time prescribed for filing such election." Petitioner argues that this language, enacted in 1984, refers to the section 2032A(d)(1) then in effect, which allows the election to be made on a delinquent return. Because the amendment (sec. 2032A(d)(3)) applies to decedents dying after December 31, 1976 (including decedent herein), so the argument goes, it somehow incorporates the 1981 amendment of section 2032A(d)(1) which permits elections on returns filed late and makes that provision applicable to decedents dying before January 1, 1982.

We do not agree with petitioner's interpretation of the statute. At the time the 1984 amendment was enacted, the "time prescribed" under section 2032A(d)(1) for filing the special use valuation election for estates of decedents dying before January 1, 1982, was no later than 9 months after the date of decedent's death.[6] *Estate of Gunland v. Commissioner*, 88 T.C. 1453 (1987). No changes in section 2032A(d)(1) were made by the Tax Reform Act of 1984 (Pub. L. 98-369) and nothing in the legislative history of the act provides support for petitioner's theory.[7]

---

[6]The 1981 amendment of sec. 2032A(d)(1) which allowed the election to be made on a return filed late, so long as it was made on the first return filed for the estate, was made effective only with respect to those decedents dying after Dec. 31, 1981. Pub. L. 97-34, sec. 421(j)(3), 98 Stat. 313.

[7]"Congress was concerned that the prior Treasury Department administrative policy unnecessarily penalized executors making current use valuation elections for mistakes that were reasonable in light of the circumstances existing at the time the elections were made. Congress believed, therefore, that executors should be allowed to perfect such mistakes upon

The purpose of section 2032A(d)(3), as we read it and its legislative history, is not to provide relief from the statutory requirements on timeliness but from excessively onerous enforcement of the regulations. Its purpose is not to give vitality to untimely elections for estates of decedents dying prior to January 1, 1982, but to permit the perfection of timely made elections which substantially comply with the requirements of the regulations.

As stated in the regulation (sec. 20.2032A-8(a)(3), Estate Tax Regs.) quoted in part above, an election is made by attaching to the estate tax return an agreement and a notice of election containing a list of prescribed items of information. As indicated in the floor discussion referred to below, Congress believed that the Internal Revenue Service had been too strict in applying the regulations to disallow elections on the basis of technical mistakes in the prescribed agreements or election information. Section 2032A(d)(3) directed the Treasury Department to develop procedures to permit estates to perfect election notices which substantially, but not completely, complied with the regulations by furnishing additional information or modifying the agreements. H. Rept. 98-861 (Conf.), at 1240 (1984), 1984-3 C.B. (Vol. 2) 494.

In this case, the issue is not an imperfection in the notice of election or agreements attached to the estate tax return. Those papers are in proper order and substantially comply with the regulations. The only mistake petitioner made in the election was its untimeliness under the statute. An untimely election under the statute is not the type of minor mistake or omission dealt with in section 2032A(d)(3).

Illustrations of the type of information that may be supplied after the initial filing of a notice of election are omitted social security numbers and addresses of qualified heirs and copies of written appraisals of the property to be specially valued. This provision, does not, however permit such appraisals to be obtained only after the estate tax return is made. Rather, the provision simply permits the submission of previously obtained appraisals. Likewise, a notice of election which does not provide a legal description of the property to be specially valued may not be perfected unless the notice, as initially filed with the estate tax return,

notification by the Internal Revenue Service. [Staff of Joint Committee on Taxation, General Explanation of the Revenue Provisions of the Deficit Reduction Act of 1984, at 1123 (Comm. Print) (1984).]"

described the property with reasonable clarity, even though the full legal description was not provided. [H. Rept. 98-861 (Conf.), at 1241 (1984), 1984-3 C.B. (Vol. 2) 495.]

No modification, supplementation, or additional information furnished pursuant to section 2032A(d)(3) will make an untimely election timely.

Petitioner cites, however, the Senate floor discussion by Senator Dixon on the 1984 amendments relating to section 2032A(d)(3)—

Mr. President, as I read subsection (D) of section 2032A, the IRS already has sufficient discretion to permit parties to correct any good faith technical mistakes they make when filing applications for this special valuation treatment. However, the service seems to take the opposite view. Clarification of congressional intent by amending the section is therefore necessary.

My amendment provides that necessary clarification. It directs the Secretary of the Treasury to develop a procedure to allow an estate to correct simple errors in a filing for section 2032A valuation treatment. The section 2032A election would still have to be filed in a timely manner, as now required by law, but simple technical flaws would no longer destroy that election.

[130 Cong. Rec. S4318-S4319 (1984).]

Nothing in Senator Dixon's comments indicates that section 2032A(d)(3) was intended to permit perfection of elections on untimely returns for estates of decedents dying prior to January 1, 1982. The Senator's reference to the requirement that the election be filed in a "timely manner, as now required by law" does not, as petitioner contends, serve to make the 1981 amendment to section 2032A(d)(1) retroactive to estates of decedents dying after December 31, 1976. As we have discussed, the 1984 amendment codified as section 2032A(d)(3) leaves the effective date (Dec. 31, 1981) of the 1981 modification of section 2032A(d)(1) untouched.

We find that petitioner has not cured the untimeliness of its attempted special use valuation election by simply making the legal argument based on section 2032A(d)(3).[8]

The remaining issue for our determination is whether petitioner is liable for an addition to tax under section

---

[8]Petitioner is likewise not entitled to limited relief under sec. 1421 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2716, which provides those taxpayers misled by respondent's Form 706, Federal estate tax return, with additional time to submit information omitted from timely filed special use valuation elections. See S. Rept. 99-313 (1986), 1986-3 C.B. (Vol. 3) 876-877.

6651(a) for failure to timely file its estate tax return. Section 6651(a) provides for an addition to tax for failure to file a tax return on the date prescribed therefor, unless it is shown that such failure is "due to a reasonable cause and not to willful neglect." Sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Petitioner has the burden of proving that its failure to timely file the estate tax return was due to reasonable cause. *Bebb v. Commissioner*, 36 T.C. 170, 173 (1961); Rule 142(a), Tax Court Rules of Practice and Procedure.

Petitioner's estate tax return was due to be filed on July 12, 1982, 9 months after the date of decedent's death. Sec. 6075(a). Petitioner did not request and was not granted an extension of time for filing its estate tax return. Petitioner's estate tax return was filed on July 27, 1982, 15 days after it was due. Petitioner has presented no evidence that it is not liable for the determined addition to tax and has made no mention of this issue in its briefs. Accordingly, respondent's determination as to the addition to tax under section 6651(a) is sustained.

To reflect the foregoing,

*Decision will be entered under Rule 155.*