ESTATE OF F. J. NESSELRODT, DECEASED, WILLIAM WHITLOCK, SAM L. HUNTER, JR., AND ROBERT LYNN NESSELRODT, CO-EXECUTORS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Nesselrodt v. Commissioner
Docket No. 38921-84.
United States Tax Court
T.C. Memo 1988-489; 1988 Tax Ct. Memo LEXIS 521; 56 T.C.M. (CCH) 452; T.C.M. (RIA) 88489; October 11, 1988. Harold D. Jones, for the petitioner. Nancy W. Hale, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined *523 a deficiency in petitioner's Federal estate tax of $ 755,271.21. After concessions, the issues for decision are (1) whether petitioner made a valid election to claim "special use values" pursuant to section 2032A[1] with respect to several parcels of real estate and (2) whether petitioner must include in the decedent's gross estate certain stock of the Federal Land Bank Association. The facts have been fully stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner is the Estate of F. J. Nesselrodt. F. J. Nesselrodt is hereinafter referred to as "decedent." Decedent died testate on January 6, 1981. At the time of his death, decedent resided in Lilbourn, Missouri. [2]
On October 6, 1981, petitioner *524 filed a Form 706 (Estate Tax Return) [3] with the Internal Revenue Service Center, Kansas City, Missouri. On that return, petitioner valued three parcels of farmland owned by decedent at his death at their special use value under section 2032A. The parties agree that, subject to the percentage limitations of section 2032A(b)(1) and the validity of petitioner's election, those parcels qualify for special use valuation. The instructions on the Form 706 relating to the special use valuation election required that petitioner attach a statement (the notice of election) giving 11 items of information including copies of written appraisals and the name, address, taxpayer identification number and relationship to the decedent of each person taking an interest in the property and the value of that interest. In addition, the instructions required that petitioner attach "an agreement to express consent to personal liability under section 2032A(c) in the event of certain early dispositions of the property or early cessation of the qualified use." They further provided : "The agreement must be executed by all parties receiving *525 any interest in the property being valued based on its qualified use." We will refer to this agreement as the recapture agreement. Petitioner did not submit any written appraisals of the property. Furthermore, petitioner stated that only Eva Nesselrodt, decedent's wife, had an interest in the property, and only Mrs. Nesselrodt signed the recapture agreement that was incorporated in the notice of election attached to the return. Under decedent's will, decedent's daughter and decedent's grandchildren, all of whom were either beneficiaries or potentially beneficiaries of a trust created by the will, received an interest in the property. On October 11, 1983, petitioner filed a document entitled "First Amended Agreement to Special Valuation Under Section 2032A." This document was signed by all of the beneficiaries of the trust created by decedent's will, but it did not include their addresses, social security numbers or the values of their respective interests. In it, they consented "to personal liability under Subsection (c) of (Code Section) 2032A for the additional tax imposed by that subsection with respect to their respective interests in the * * * property in the event of *526 certain early dispositions of the property or early cessation of the qualified use of the property." In this document, petitioner attempted to extend its election to two other parcels of real property in addition to that which it had specified in the estate tax return. Decedent owed $ 261,918.55 to the Federal Land Bank Association of Sikeston (FLBA). Petitioner deducted the full amount of the loan from decedent's gross estate on the estate tax return. In addition, decedent owned stock in the bank with a face value of $ 13,500. The stock had been issued to decedent in lieu of cash in an amount equal to the face amount of the stock at the time that he loan was made. That stock would be applied at face value to offset his indebtedness at the time that the loan was repaid. The stock could not be sold, and it could only be transferred if the loan was transferred. Decedent earned no income from the stock. In general, under section 2032A, estates may elect to value certain qualifying farms and other real property used in a trade or business according to the property's actual use at the time *527 of the decedent's death, rather than at the property's fair market value based upon its highest and best use. See sec. 2032A. In general, strict compliance with the requirements of section 2032A and the regulations thereunder is required for the election to be valid. Estate of Gunland v. Commissioner,88 T.C. 1453, 1459 n.4 (1987). Section 2032A(d)(1) provides: "The election under this section shall be made on the return of the tax imposed by section 2001. Such election shall be made in such manner as the Secretary shall be regulation prescribe." Those regulations require a notice of election that, in substance, provides the same information required by the instructions to the Form 706 used by petitioner. See sec. 20.203A-8(a)(3), Estate Tax Regs. The regulations also require as part of the notice of election that affidavits be filed "describing the activities constituting material participation and the identity of the material participant or participants" in the farm or business. Sec. 20.2032A-8(a)(3)(xiii), Estate Tax Regs. Finally, as part of the election, the recapture agreement must be attached to the estate tax return. See sec. 20.2032A-8(3), Estate *528 Tax Regs. The agreement must be signed by all the parties having any interest in the property being valued. Sec. 20.2032A-8(c)(1), Estate Tax Regs. Respondent contends that petitioner's attempted election to value the property under section 2032A was invalid because the election was not in substantial compliance with the regulations. Petitioner argues that it manifested sufficient intent on the original return that it wished to use special use valuation, and taking into account certain local practices, it either claimed, or, or under certain provisions allowing taxpayers to cure special use valuation elections, it should be allowed to claim, special use values. We agree with respondent. It is clear that petitioner's initial election does not qualify under section 2032A because it did not include the recapture agreement signed by all the parties having an interest in the property at the time of the decedent's death. McDonald v. Commissioner,853 F.2d 1494 (8th Cir. 1988), affg. on this issue 89 T.C. at 305; see also Estate of Gunland v. Commissioner,88 T.C. at 1458-1459. [4]
*529 McDonald involved a situation where, because of the retroactive effect given to the surviving spouse's disclaimer, no person having an interest in the property signed the original recapture agreement. In the instant case, which is appealable to the Eighth Circuit, Eva Nesselrodt did sign the agreement so that technically McDonald is not controlling. Golsen v. Commissioner,54 T.C. 742, 756-758 (1970), affd. on the substantive issue 445 F.2d 985 (10th Cir. 1971). Consequently, although we are satisfied that our conclusion herein should be the same as that reached in McDonald, we turn to a consideration of petitioner's main contentions. Petitioner relies on a 1984 amendment to section 2032A. The Deficit Reduction Act of 1984, Pub. L. 98-369, sec. 1025(a), 98 Stat. 1030, added section 2032A(d)(3), [5] which provides: The Secretary shall prescribe procedures which provide that in any case in which -- (A) the executor makes an election under paragraph (1) within the time prescribed for filing such election, and (B) substantially complies *530 with the regulations prescribed by the Secretary with respect to such election, but -- (i) the notice of election, as filed, does not contain all required information, or (ii) signatures of 1 or more persons required to enter into the agreement described in paragraph (2) are not included on the agreement as filed, or the agreement does not contain all required information, the executor will have a reasonable period of time (not exceeding 90 days) after notification of such failures to provide such information or agreements. The Conference report provides that a recapture agreement may be cured if, for example, not all required signatures are affixed (provided that those that are not are those of holders of interests of relatively minor value) or if a parent, rather than a guardian ad litem, signs for a minor child. H. Rept. 98-861 (Conf.) 1240-1241 (1984), 1984-3 C.B. (Vol. 2) 494-495. Petitioner does not *531 come within the terms of this relief provision because it has not shown that the defects in the recapture agreement fall within the scope of curable defects. In particular, it has not shown that the only signatures omitted were those of persons whose interests were of relatively minor value. See McDonald v. Commissioner, supra. Thus, petitioner is not entitled to relief under section 2032A(d)(3). See Estate of Killion v. Commissioner,T.C. Memo. 1988-244 (in which we also discuss Prussner v. United States, an unpublished order ( C.D. Ill. 1987, 87-2 U.S.T.C. par. 13,739) relied upon by petitioner).[6]
Petitioner also relies on section 1421 of the Tax Reform Act of 1986, Pub. L. 99-514, sec. 1421, 100 Stat. 2716 (1986 Act), which contains further provisions for the curing *532 of certain defective special use valuation elections. The essential difference between this provision and section 2032A(d)(3) is that substantial compliance is with reference to the instructions on the return rather than respondent's regulations. Petitioner has not argued that the requirements of the instructions varied from those regulations, and we conclude that the 1986 Act provision provides petitioner no more relief than section 2032A(d)(3). McDonald v. Commissioner,853 F.2d at 1498. [7]
We turn to the question of the includability of decedent's FLBA stock in his gross estate. Section 2001 imposes a tax on the transfer of the taxable estate of all citizen and resident decedents. Section 2051 defines taxable estate as the gross estate less deductions. "The value of the gross estate shall include the value of all property *533 to the extent of the interest therein of the decedent at the time of his death." Sec. 2033. Petitioner, while conceding that it has an interest in the FLBA stock, argues that such stock had no value because it could not be sold and earned no income or that, in the alternative, its value should be discounted from the face amount of the stock because the stock earned no income. We disagree. While it may be the case, as petitioner argues, that purchase of the FLBA stock merely increased the effective interest rate on the loan, petitioner deducted the face amount of that debt in determining its taxable estate. Petitioner did not deduct the face amount of the stock from the face amount of the debt, nor did petitioner discount the face amount of the debt to reflect the higher interest rate it alleges it was paying.[8] Furthermore, because the face amount of the stock would be either deducted from the debt or refunded at the time the debt was paid, we think that, relative to that debt, the value of the stock was its face value, even though it earned no income. With respect to the discounting argument, petitioner, who had the burden of proof, Rule 142(a), [9] has presented no evidence *534 that would allow us to determine some other value as the fair market value. Estate of Killion v. Commissioner,T.C. Memo. 1988-244. To reflect the foregoing and concessions, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect as decedent's death, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. At the time they filed the petition, William Whitlock, Sam L. Hunter, Jr. and Robert Lynn Nesselrodt, the executors of the estate, all resided in states within United States Court of Appeals for the Eighth Circuit. ↩
3. Petitioner filed the January 1979 version of Form 706. ↩
4. It is equally clear that the amended agreement will in no event serve to extend the election to the two parcels of real property included only on that document, because the election to use special use valuation must be made on a timely filed estate tax return. Sec. 20.2032A-8(a)(3)↩, Estate Tax Regs. 5. The amendment applies to estates of decedents dying after Dec. 31, 1976. Deficit Reduction Act of 1984, Pub. L. 98-369, sec. 1025(b), 98 Stat. 1031.↩
6. In view of this result, we need not deal with the arguments of the parties regarding the extent to which petitioner substantially complied with other requirements applicable to the special use valuation election under section 2032A. See McDonald v. Commissioner,853 F.2d 1494, 1498 n.7 (8th Cir. 1988), affg. 89 T.C. 293↩ (1987). 7. We note that the Form 706 filed by petitioner is not the Form 706 targeted by this provision. McDonald v. Commissioner,89 T.C. 293, 307 (1987), affd. on this issue on another ground 853 F.2d 1494↩ (8th Cir. 1988). 8. We note in this regard that the full value of securities pledged to secure a debt is includable in a decedent's gross estate. Sec. 20.2031-2(g), Estate Tax Regs. ↩
9. That a case is fully stipulated does not change the burden of proof. Service Bolt & Nut Co. Trust v. Commissioner,78 T.C. 812, 819 (1982), affd. 724 F.2d 519↩ (6th Cir. 1983); Rule 122(b).