NAPP SYSTEMS, INC., F.K.A. NAPP SYSTEMS (USA), INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Napp Sys., Inc. v. Commissioner
Docket No. 16122-90
United States Tax Court
T.C. Memo 1993-196; 1993 Tax Ct. Memo LEXIS 198; 65 T.C.M. (CCH) 2567; May 4, 1993, Filed *198 Decision will be entered under Rule 155. For petitioner: Richard A. Davidson and James A. Mezvinsky. For respondent: William A. Eddy and Mark E. O'Leary. SHIELDS
SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the year ended September 30, 1984, in the amount of $ 90,390.42. After concessions, the only issue remaining for decision is whether petitioner correctly calculated its commission expense deduction under section 994[1] and section 1.994-1(c) and (d), Income Tax Regs.
FINDINGS OF FACT The facts have been fully stipulated and are so found, the stipulation of facts and attached exhibits being incorporated herein by reference. Napp Systems, Inc. (petitioner), is an Iowa corporation with its principal place of business *199 at Davenport. On June 30, 1975, petitioner incorporated under the laws of Iowa a wholly owned subsidiary, Napp (DISC), Inc. (hereinafter referred to as the subsidiary), which elected to be taxed as a domestic international sales corporation (DISC) under section 992. Petitioner and the subsidiary, upon its incorporation, entered into a DISC commission agreement pursuant to section 994. Under the agreement, which was still in effect during petitioner's fiscal year 1984, the subsidiary, acting as petitioner's commissioned agent, sold petitioner's products in foreign countries for the maximum commission permitted under either the 4 percent of gross receipts method (gross receipts method), as set out in section 994(a)(1), or the 50-50 combined taxable income method (taxable income method), as set out in section 994(a)(2). The products manufactured by petitioner and sold by the subsidiary consisted of photopolymer printing plates and related equipment and supplies. Such products constitute only one product line. In computing its deductible DISC commission expense for fiscal year 1984, petitioner: (1) Calculated its total gross receipts from all sales made by the subsidiary in each *200 country where sales occurred; (2) calculated its total combined taxable income from all sales made by the subsidiary in each country where sales occurred; (3) separately computed, on a country-by-country basis, its total DISC commission expense under the gross receipts method and its total DISC commission expense under the taxable income method; and (4) used the higher commission expense reflected by either of the two methods for each country to arrive at its total DISC commission deduction of $ 1,350,475. Respondent concluded that the country-by-country summarization used by petitioner was not permitted under section 994 and section 1.994-1, Income Tax Regs., and determined a deficiency of $ 90,390.42 in petitioner's income tax for fiscal year 1984 by applying the gross receipts method to all of petitioner's foreign sales made by the subsidiary. [2]
OPINION To stimulate *201 exports and grant a Federal income tax deferral opportunity to U.S. firms engaged in exporting through domestic, rather than foreign, subsidiaries, Congress enacted in 1971 sections 991 through 997 under which DISC's are formed. Generally speaking, a DISC is not liable for Federal income tax on its taxable income. Instead, the DISC's shareholder (petitioner in this case) is taxed each year on a specified portion of the DISC's earnings and profits as deemed distributions. The retained earnings and profits of the DISC which are not taxed currently remain exempt from taxation until actually distributed to the DISC's shareholder, the shareholder disposes of its DISC stock in a taxable transaction, or the subsidiary ceases to qualify as a DISC. See generally Hughes Internatl. Sales Corp. v. Commissioner, 100 T.C.    ,     (1993) (slip op. at 7); St. Jude Medical, Inc. v. Commissioner, 97 T.C. 457 (1991); Dresser Industries v. Commissioner, 92 T.C. 1276, 1280 (1989), affd. in part and revd. in part 911 F.2d 1128 (5th Cir. 1990). The parties agree that the calculation of petitioner's *202 commission expense deduction must comply with section 994. They disagree, however, as to the interpretation of such section and the applicable regulations. Petitioner contends that the specific language of section 994(a) authorizes the use of any method of computing its commission expense deduction with respect to each sale made by the subsidiary which allows petitioner "to derive taxable income attributable to such sale * * * in an amount which does not exceed the greatest of" the amount computed by the gross receipts method of section 994(a)(1) or the combined taxable income method of section 994(a)(2). Respondent contends that subsection (b) of section 994 and the regulation issued pursuant to its authority at section 1.994-1(c)(7) and (d), Income Tax Regs., limit petitioner's computation to either the gross receipts method of section 994(a)(1) or the combined taxable income method of section 994(a)(2), neither of which permits the country-by-country summarization used by petitioner. In response to respondent's contention, petitioner argues that to the extent that section 1.994-1, Income Tax Regs., prohibits the use of its method of grouping, the regulation is beyond the scope *203 of section 994(a) and is therefore invalid. Insofar as applicable here, section 994 reads as follows: SEC. 994 INTER-COMPANY PRICING RULES. (a) In General. -- In the case of a sale of export property to a DISC by a person described in section 482, the taxable income of such DISC and such person shall be based upon a transfer price which would allow such DISC to derive taxable income attributable to such sale (regardless of the sales price actually charged) in an amount which does not exceed the greatest of -- (1) 4 percent of the qualified export receipts on the sale of such property by the DISC plus 10 percent of the export promotion expenses of such DISC attributable to such receipts, (2) 50 percent of the combined taxable income of such DISC and such person which is attributable to the qualified export receipts on such property derived as the result of a sale by the DISC plus 10 percent of the export promotion expenses of such DISC attributable to such receipts, or (3) * * * [3]
(b) Rules for Commissions, Rentals, and Marginal Costing. -- The Secretary shall prescribe regulations setting forth -- (1) rules which are consistent with the rules set forth in subsection *204 (a) for the application of this section in the case of commissions, rentals, and other income * * *
Pursuant to the specific grant of authority set forth in section 994(b), the Secretary issued section 1.994-1(d), Income Tax Regs., which in pertinent part reads as follows: (d) Rules under section 994(a)(1) and (2) for transactions other than sales. The following rules are prescribed for purposes of applying the gross receipts method or combined taxable income method to transactions other than sales: * * * (2) Commissions. If any transaction to which section 994 applies is handled on a commission basis for a related supplier by a DISC and such commissions give rise to qualified export receipts under section 993(a) -- (i) The amount of the income that may be earned by the DISC in any year is the amount, computed in a manner consistent with paragraph (c) of this section, which the DISC would have been permitted to earn under the gross receipts method, [or] *205 the combined taxable income method * * * if the related supplier had sold (or leased) the property or service to the DISC and the DISC in turn sold (or subleased) to a third party * * *
Under section 1.994-1(d), Income Tax Regs., the amount of income that the parent of a DISC, which is serving as the commissioned agent of the parent, may earn is determined by reference to section 1.994-1(c), Income Tax Regs., which reads in pertinent part as follows: (c) Transfer price for sales of export property -- (1) In general. Under this paragraph, rules are prescribed for computing the allowable price for a transfer from a related supplier to a DISC in the case of a sale of export property described in paragraph (b)(1) of this section. (2) The "4-percent" gross receipts method. Under the gross receipts method of pricing, the transfer price for a sale by the related supplier to the DISC is the price as a result of which the taxable income derived by the DISC from the sale will not exceed the sum of (i) 4 percent of the qualified export receipts of the DISC derived from the sale of the export property (as defined in section 993(c) and (ii) 10 percent of the export promotion expenses *206 (as defined in paragraph (f) of this section) of the DISC attributable to such qualified export receipts. (3) The "50-50" combined taxable income method. Under the combined taxable income method of pricing, the transfer price for a sale by the related supplier to the DISC is the price as a result of which the taxable income derived by the DISC from the sale will not exceed the sum of (i) 50 percent of the combined taxable income (as defined in subparagraph (6) of this paragraph) of the DISC and its related supplier attributable to the qualified export receipts from such sale and (ii) 10 percent of the export promotion expenses (as defined in paragraph (f) of this section) of the DISC attributable to such qualified export receipts. * * * (7) Grouping transactions. (i) Generally, the determinations under this section are to be made on a transaction-by-transaction basis. However, at the annual choice of the taxpayer some or all of these determinations may be made on the basis of groups consisting of products or product lines. (ii) A determination by a taxpayer as to a product or a product line will be accepted by a district director if such determination conforms to any one *207 of the following standards: (a) a recognized industry or trade usage, or (b) the two-digit major groups (or any inferior classifications or combinations thereof, within a major group) of the Standard Industrial Classification as prepared by the Statistical Policy Division of the Office of Management and Budget, Executive Office of the President.
With respect to commissions, section 994(b)(1) specifically empowers the Secretary to prescribe regulations consistent with the provisions of section 994(a), which deals with sales. Therefore, section 1.994-1(d), Income Tax Regs., which was issued pursuant to the grant of authority set forth in section 994(b)(1), constitutes a legislative regulation. Dresser Industries v. Commissioner, 92 T.C. 1276, 1290 (1989), affd. in part and revd. in part 911 F.2d 1128 (5th Cir. 1990); Longview Fibre Co. v. Commissioner, 71 T.C. 357, 363-364 (1978). As a legislative regulation, section 1.994-1(d), Income Tax Regs., is entitled to greater weight and deference than an interpretive regulation issued under section 7805(a). United States v. Vogel Fertilizer Co., 455 U.S. 16, 24 (1982) *208 (citing Rowan Cos. v. United States, 452 U.S. 247, 253 (1981)); Brown-Forman Corp. v. Commissioner, 94 T.C. 919, 942 (1990), affd. 955 F.2d 1037 (6th Cir. 1992). In fact, as a legislative regulation it must be sustained unless it is "unreasonable and plainly inconsistent with the statute * * * [it is] designed to implement." Estate of Gunland v. Commissioner, 88 T.C. 1453, 1457 (1987) (citing Commissioner v. South Texas Lumber Co., 333 U.S. 496 (1948)); Olson v. Commissioner, 81 T.C. 318, 323 (1983). If valid, it is entitled to deference comparable to that accorded a statute. Batterton v. Francis, 432 U.S. 416, 425 n.9 (1977). With respect to the grouping of transactions, section 1.994-1(c)(7)(i), Income Tax Regs. (which is made applicable to petitioner by section 1.994-1(d), Income Tax Regs.), specifically sets forth only two methods, i.e., (1) on a transaction-by-transaction basis, or (2) on the basis of groups of transactions consisting of products or product lines. *209 Since petitioner sells only one product, the second method is inapplicable and petitioner admits that it cannot qualify under the first because from its records it is impossible to group its transactions on a transaction-by-transaction basis. Respondent contends that the applicable regulation contains two, and only two, methods of applying the formulas set forth in section 994(a), and neither of these methods permits the country-by-country grouping used by petitioner. Petitioner first contends that in computing its taxable income on transactions with its DISC the literal language of section 994(a) permits the use of a commission "which does not exceed the greatest of" the amount determined under the gross receipts method or the combined taxable income method. In the alternative, petitioner contends that if the regulation is construed to disallow its method of grouping transactions, the regulation is not consistent with section 994(a) and is therefore invalid. Since, as concluded above, section 1.994-1(c)(7)(i), Income Tax Regs., is a legislative regulation, we are required in our consideration to give it the same effect as a valid statute. See Batterton v. Francis, supra at 425 n.9. *210 Nevertheless, since the regulation results in a tax deduction, we are also required to construe it narrowly. Kovner v. Commissioner, 94 T.C. 893, 906 (1990); Byrne v. Commissioner, 65 T.C. 473, 479 (1975), affd. without published opinion 556 F.2d 554 (2d Cir. 1976). The regulation permits the grouping of transactions in only two ways, i.e., on a transaction-by-transaction basis or by groups of transactions involving products or product lines. Since petitioner admittedly failed to use either of the grouping methods permitted by the regulation, we are forced to narrowly construe the regulation and conclude that petitioner is not entitled to group its transactions on a country-by-country basis. Consequently, petitioner's grouping of sales on a country-by-country basis fails to comply with section 994(a) and section 1.994-1(c)(7)(i), Income Tax Regs. Because of concessions, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner's accounting records are not sufficient to permit a calculation of its DISC commission expense on a transaction-by-transaction basis.↩
3. Sec. 994(a)(3)↩ is not at issue in this case.