T.C. Memo. 1996-295

UNITED STATES TAX COURT

VINCENT AND CLOTILDE FARRELL, JR., Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28082-89.                    Filed June 25, 1996.

<u>Hugh Janow</u>, for petitioners.

<u>Barry J. Laterman</u>, for respondent.


MEMORANDUM OPINION

WOLFE, <u>Special Trial Judge</u>:  This matter is before the Court
on petitioners' Motion For Leave to File Motion for Decision
Ordering Relief From the Negligence Penalty and the Penalty Rate
of Interest and to File Supporting Memorandum of Law under Rule
50.[1]  Petitioners' motion for leave was filed with attached

---

[1]     All section references are to the Internal Revenue Code in
effect for the year at issue, unless otherwise indicated.  All
Rule references are to the Tax Court Rules of Practice and
Procedure.

exhibits on November 9, 1995. On the same date, petitioners' motion for decision ordering relief from the negligence penalty and the penalty rate of interest, with attachments, and petitioners' memorandum in support of such motion were lodged with the Court. Subsequently, respondent's objections, with attachments, and memorandum in support thereof, were filed.

1. Background and Procedural Matters

This case is part of the Plastics Recycling group of cases. The opinion in the lead case in that group, Provizer v. Commissioner, T.C. Memo. 1992-177, affd. without published opinion 996 F.2d 1216 (6th Cir. 1993), concerning the substance of the transaction and the additions to tax, was filed on March 25, 1992. To date, we have decided more than 25 cases involving various aspects of the Plastics Recycling transactions. Most such cases primarily concern additions to tax for negligence and valuation overstatement. When the present case was tried, on March 31 and April 1, 1994, the opinion in Provizer v. Commissioner, supra, had been issued. Before petitioners filed their motion for leave, more than 12 additional opinions had been filed concerning negligence and valuation overstatement in Plastics Recycling cases.

Petitioners base their motion for leave largely upon petitioners' alleged discovery, after the record was closed, of a Stipulation of Settlement between the taxpayers in this case and respondent in a different case for another year. Petitioners

claim such stipulation of settlement entitles them to the same settlement as the taxpayer and the IRS reached in docket Nos. 10382-86 and 10383-86, each of which was styled Miller v. Commissioner. Petitioners' present counsel argues that he was not even aware of the settlement of the Miller cases until September 1994. We note, however, that prior to the entry of appearance of petitioners' present counsel in June 1992, petitioners were represented by the same attorneys who tried the Provizer case, represented the taxpayers in Miller v. Commissioner, supra, and, for use in various other cases, negotiated the terms of the stipulation of settlement on which petitioners now seek to rely. Those attorneys, at least, should have been well aware of the matters that petitioners' present counsel considers newly discovered. Consequently, there is ample reason for us to conclude that in the past, petitioners, acting through well-informed counsel, rejected the idea of seeking the same treatment accorded the taxpayer in the Miller case and instead chose to proceed with litigation.

Moreover, even if we express no view as to petitioners' present counsel's knowledge of the background facts or as to the extent to which petitioners are charged with whatever knowledge petitioners' prior counsel may have had concerning these matters, at the very least, petitioners' present counsel seeks to raise a new issue long after trial. Resolution of such issue plainly would require a new trial. Such further trial "would be contrary

to the established policy of this Court to try all issues raised in a case in one proceeding and to avoid piecemeal and protracted litigation." Markwardt v. Commissioner, 64 T.C. 989, 998 (1975); see also Robin Haft Trust v. Commissioner, 62 T.C. 145, 147 (1974). Consequently, under the circumstances here, at this late date in the litigation proceedings, long after trial and briefing, and after the issuance of numerous opinions on issues and facts closely analogous to those in this case, we consider that the practice of this Court would support, if not absolutely require, denial of petitioners' motion for leave.

However, we do not rely solely on such procedural matters for denying petitioners' motion for leave. Instead, we also have considered the consequences of granting such motion. We conclude that even if petitioners' motion for leave were granted, the arguments set forth in petitioners' motion for decision and attached memorandum, lodged with this Court, are without merit and such motion would be denied.

Therefore, and for reasons set forth in more detail below, petitioners' motion for leave will be denied.

2. Facts and Circumstances Relevant to Petitioners' Proposed Motion for Decision

In a notice of deficiency dated August 25, 1989, respondent determined a deficiency in petitioners' Federal income tax for

1982, plus increased interest under section 6621(c).[2]  In an amendment to answer, respondent asserted a lesser deficiency for 1982 in the amount of $51,043, plus additions to tax in the amount of $12,127 under section 6659 for valuation overstatement, in the amount of $2,552 under section 6653(a)(1) for negligence, and under section 6653(a)(2) in an amount equal to 50 percent of the interest due on $50,278.  Respondent also asserted that $50,278 of the deficiency was subject to the increased rate of interest under section 6621(c).

Petitioners contend that they should be relieved of any liability for the negligence additions to tax and increased interest based upon:  (1) Respondent's treatment of a purportedly similarly situated taxpayer in two other cases; (2) a Stipulation of Settlement agreement executed by petitioners and respondent in a separate Plastics Recycling case, docket No. 1173-88, which concerned taxable years 1981 and 1978; and (3) equitable estoppel.

Some of the facts have been stipulated and are so found. The stipulated facts and attached exhibits are incorporated by this reference.  Vincent and Clotilde Farrell resided in Katonah, New York, when their petition was filed.

---

[2]     Respondent also determined a deficiency in petitioners' Federal income tax for 1980, and subsequently asserted a lesser amount in an amendment to answer.  On Apr. 22, 1992, respondent and petitioners filed a Stipulation of Settled Issues resolving all of the issues relating to taxable year 1980.

In 1980 Vincent Farrell (Farrell) acquired a limited partnership interest in SAB Associates and in 1982 he acquired a limited partnership interest in SAB Resource Reclamation Associates (SAB Reclamation).[3] SAB Reclamation purported to lease four Sentinel EPE recyclers in a series of transactions substantially identical to those in the Clearwater Group limited partnership (Clearwater), the partnership considered in Provizer v. Commissioner, T.C. Memo. 1992-177. SAB Associates invested in plastics recycling partnerships like SAB Reclamation and Clearwater.[4] On their 1981 and 1982 joint Federal income tax returns, petitioners claimed their pro rata share of SAB Associates' and SAB Reclamation's partnership losses and tax credits.

In a notice of deficiency dated November 30, 1987, respondent determined deficiencies in petitioners' 1981 Federal income tax. Respondent disallowed petitioners' claimed losses and tax credits related to SAB Associates and determined additions to tax under section 6659 for valuation overstatement and under section 6653(a)(1) and (2) for negligence. Respondent also determined that interest on the deficiency accruing after

---

[3] Petitioners own a 4.5-percent limited partnership interest in SAB Reclamation. The record does not disclose the amount of petitioners' percentage interest in SAB Associates.

[4] SAB Associates was formed to engage in tax straddle investments. During 1981, it ceased engaging in tax straddle investments and changed its function to leasing Sentinel EPE recyclers.

December 31, 1984, would be calculated at 120 percent of the statutory rate under section 6621(c). In a second notice of deficiency issued that same date, respondent determined a deficiency in petitioners' 1978 Federal income tax due solely to the disallowance of a credit carryback that arose in 1981. A timely petition to this Court was filed by petitioners on January 19, 1988 (docket No. 1173-88).[5] Petitioners' counsel at the time was Jerome R. Rosenberg (Rosenberg).

Several months earlier, on June 12, 1987, this Court had ordered that respondent and the lead counsel for the taxpayers in Plastics Recycling cases designate lead cases that would present all issues involved in the Plastics Recycling cases. The following cases were selected: (1) Fine v. Commissioner, docket No. 35437-85; (2) Miller v. Commissioner, docket No. 10382-86 (concerning taxable years 1982 and 1983); and (3) Miller v. Commissioner, docket No. 10383-86 (concerning taxable years 1979 and 1980). In early 1988, the Fine case was concluded without trial. In place of the Fine case, the parties thereafter selected, and the Court designated, the case of Provizer v. Commissioner, docket No. 27141-86, as a lead case along with the

---

[5]     Certain background facts and circumstances relating to docket No. 1173-88 apparently are not disputed by the parties, and we have discussed these matters for the sake of completeness. As we have noted, granting petitioners' motion for leave would require further proceedings.

two Miller cases.  Estate of Satin v. Commissioner, T.C. Memo.
1994-435; Fisher v. Commissioner, T.C. Memo. 1994-434.[6]

After the lead counsel for the taxpayers and respondent
agreed upon the test cases, respondent prepared Stipulation of
Settlement agreements (piggyback agreements) with respect to the
Plastics Recycling project so that taxpayers who did not wish to
litigate their cases individually could agree to be bound by the
results of the test cases.  Respondent's counsel offered the
piggyback agreements to taxpayers involved in the Plastics
Recycling project, including petitioners in docket No. 1173-88.
Respondent and petitioners executed the piggyback agreement for
docket No. 1173-88 and filed it with the Court on September 12,
1988.  Rosenberg signed the piggyback agreement on behalf of
petitioners.

In the piggyback agreement, petitioners agreed to be bound
by the results of the three test cases.  The agreement is

---

[6]     The summary of the background of the plastics recycling
litigation, the selection of Provizer v. Commissioner, T.C. Memo.
1992-177, as a test case, and of the preparation of the piggyback
agreement is taken from our opinions in Estate of Satin v.
Commissioner, T.C. Memo. 1994-435, and Fisher v. Commissioner,
T.C. Memo. 1994-434.  Petitioners have attached to their motion
copies of these cases and of the piggyback agreement executed by
Jerome R. Rosenberg and rely upon such materials in their
memorandum.  Respondent has not specifically objected to the
accuracy of the documentation.  However, again we refer to such
materials only to explain petitioners' argument for completeness.
As noted above, the underlying documents are not part of the
record as stipulated exhibits or otherwise, and we would be
required to conduct further proceedings if we were to grant
petitioners' motion for leave.

virtually identical to the piggyback agreements set forth in

<u>Estate of Satin v. Commissioner</u>, <u>supra</u>, and <u>Fisher v.</u>

<u>Commissioner</u>, <u>supra</u>.  The piggyback agreement executed by

petitioners, as attached to petitioners' motion for leave and

undisputed by respondent, provides:

STIPULATION OF SETTLEMENT FOR TAX SHELTER ADJUSTMENTS

With respect to all adjustment(s) in respondent's notice of deficiency relating to the Plastics Recycling tax shelter, the parties stipulate to the following terms of settlement:

1.  THE ABOVE ADJUSTMENT IS ONE OF SEVERAL ISSUES IN DISPUTE BETWEEN THE PARTIES.  ALL OTHER ADJUSTMENTS WILL EITHER BE RESOLVED BY THE PARTIES OR WILL BE SUBMITTED TO THE COURT FOR RESOLUTION;

2.  The above adjustment(s), as specified in the preamble, shall be determined by application of the same formula as that which resolved the same tax shelter adjustment(s) with respect to the following taxpayer(s):

Names(s):  <u>Harold M. Provizer and Joan Provizer v. Commissioner</u>
           <u>of Internal Revenue</u>

Tax Court Docket No.:  <u>27141-86</u>

Names(s):  <u>Elliot I. Miller v. Commissioner of Internal Revenue</u>

Tax Court Docket No.:  <u>10382-86</u>

Names(s):  <u>Elliot I. Miller and Myra K. Miller v. Commissioner of</u>
           <u>Internal Revenue</u>

Tax Court Docket No.:  <u>10383-86</u>

(hereinafter the CONTROLLING CASE);

3.  All issues involving the above adjustment(s) shall be resolved as if the petitioner(s) in this case was/were the same as the taxpayer(s) in the CONTROLLING CASE;

a.  If the Court finds that any additions to tax or the section 6621(c) interest are applicable to the underpayment attributable to the above-designated tax shelter adjustment(s), the resolution of the tax shelter issue and the applicability of such addition to tax or interest to that tax shelter issue in the CONTROLLING CASE, whether by litigation or settlement, shall apply to petitioner(s) as if the petitioner(s) in this case was/were the same as the taxpayer(s) in the CONTROLLING CASE;

4.  If the adjustment is resolved in the CONTROLLING CASE in a manner which affects the same issue in other years (e.g., * losses in later years or affects depreciation schedules), the resolution will apply to petitioner(s)' later years as if the petitioner(s) in this case was/were the same as the taxpayer(s) in the CONTROLLING CASE;

5. A decision shall be submitted in this case when the decision in the CONTROLLING CASE (whether litigated or settled) becomes final under I.R.C. sec. 7481;

6. If the CONTROLLING CASE is appealed, the petitioner(s) consent(s) to the assessment and collection of the deficiency(ies), attributable to the adjustment(s) formulated by reference to the Tax Court's opinion, notwithstanding the restrictions under I.R.C. sec. 6213(a);

7. The petitioner(s) in this case will testify or provide information in any case involving the same tax shelter adjustment, if requested; and

8. The petitioner(s) in this case consent(s) to the disclosure of all tax returns and tax return information for the purpose of respondent's discovering or submitting evidence in any case involving the same shelter adjustment(s).

On or about February of 1988, a settlement offer (the Plastics Recycling project settlement offer or the offer) was made available by respondent to all docketed Plastics Recycling cases, and subsequently to all nondocketed cases. Baratelli v. Commissioner, T.C. Memo. 1994-484.[7] Pursuant to the offer, taxpayers had 30 days to accept the following terms: (1) Allowance of a deduction for 50 percent of the amount of the cash investment in the venture in the year(s) of investment to the extent of loss claimed; (2) Government concession of the substantial understatement of tax penalties under section 6661 and the negligence additions to tax under section 6653(a)(1) and (2); (3) taxpayer concession of the section 6659 addition to tax for valuation overstatement and the increased rate of interest

_____

[7] The record does not include a settlement offer to petitioners. Petitioners have attached to their motion for decision a copy of a settlement offer to another taxpayer with respect to a plastics recycling case. Respondent has not disputed the accuracy of the statement of the plastics recycling settlement offer.

under section 6621; and (4) execution of a closing agreement (Form 906) stating the settlement and resolving the entire matter for all years. Petitioners assert that the Plastics Recycling project settlement offer was extended to them, but they do not claim to have accepted the offer timely, so they effectively rejected it.

In December 1988, the Miller cases were disposed of by settlement agreement between the taxpayers and respondent, and attorney Richard S. Kestenbaum executed the settlement on behalf of the Millers. This Court entered decision documents based upon those settlements on December 22, 1988. The settlement provided that the taxpayers in the Miller cases were liable for the addition to tax under the provisions of section 6659 for valuation overstatement, but not for the additions to tax under the provisions of sections 6661 and 6653(a). The increased interest under section 6621(c), premised solely upon Miller's interest in the recyclers for the taxable years at issue, was not applicable because Miller made payments prior to December 31, 1984, so no interest accrued after that time. Respondent did not notify petitioners or any other taxpayers of the disposition of the Miller cases. Estate of Satin v. Commissioner, T.C. Memo. 1994-435; Fisher v. Commissioner, T.C. Memo. 1994-434.[8]

_____

[8] Respondent attached copies of the Miller closing agreement and disclosure waiver to her objection to petitioners' motion for leave. Petitioners do not dispute the accuracy of the document
(continued...)

In a notice of deficiency dated August 25, 1989, respondent determined a deficiency in petitioners' Federal income tax for 1982, plus increased interest under section 6621(c). Petitioners timely filed a petition with this Court. Their attorneys at the time were Richard S. Kestenbaum and Bernard S. Mark (Kestenbaum and Mark). On March 25, 1992, this Court filed its opinion in Provizer v. Commissioner, T.C. Memo. 1992-177, in which Kestenbaum and Mark represented taxpayers. In our Provizer opinion, all of the Plastics Recycling issues were decided for respondent, including the additions to tax under section 6653(a) and increased interest under section 6621(c). On February 1, 1994, respondent filed a motion for leave to file a first amendment to answer in order to assert reduced deficiencies and the applicability of sections 6659 and 6653(a)(1) and (2) for 1982. The motion was subsequently granted.

On January 24, 1994, Hugh Janow, petitioners' present counsel, filed an entry of appearance for petitioners in this case. Kestenbaum and Mark promptly filed a motion to withdraw as counsel, and it was granted. On March 31, 1994, petitioners and respondent filed a Stipulation of Settled Issues concerning petitioners' participation in the Plastics Recycling project. Petitioners conceded the losses and tax credits claimed on their 1982 return resulting from their participation in the Plastics

[8](...continued)
although it is not otherwise a part of the record in this case.

Recycling project as well as the increased rate of interest under section 6621(c). Issues concerning the additions to tax under sections 6659 and 6653(a)(1) and (2) were not resolved.

On August 25, 1994, this Court filed opinions in two Plastics Recycling cases: Estate of Satin v. Commissioner, supra and Fisher v. Commissioner, supra. At issue in the Estate of Satin and Fisher cases were two piggyback agreements virtually identical to the one executed by petitioners and respondent for docket No. 1173-88. Noting that the cases involved "peculiar, if not unique circumstances", this Court held that the piggyback agreements entitled the taxpayers to the same settlement as had been reached in the Miller cases. Docket No. 1173-88 has subsequently been settled pursuant to the piggyback agreement. Respondent represents that administrative settlements have been made with taxpayers in each of the relatively few cases, like docket No. 1173-88, in which the taxpayer executed a piggyback agreement like those discussed in Estate of Satin v. Commissioner, supra, and Fisher v. Commissioner, supra.

3. Discussion

The motion for entry of decision here under consideration raises the principle of equal treatment of similarly situated taxpayers, the interpretation of a Stipulation of Settlement entered into by petitioners and respondent in a separate case (docket No. 1173-88), and equitable estoppel. In effect, petitioners seek to resurrect the settlement offer they rejected.

Petitioners first argue that they are similarly situated to Elliot Miller (Miller), the taxpayer in the <u>Miller</u> cases, and that therefore they are entitled to the same settlement agreement executed by respondent and Miller in those cases.

Under the principle of "equality," the Commissioner has a duty of consistency toward similarly situated taxpayers and cannot tax one and not tax another without some rational basis for the difference. <u>United States v. Kaiser</u>, 363 U.S. 299, 308 (1960) (concurring opinion); see <u>Baker v. United States</u>, 748 F.2d 1465 (11th Cir. 1984); <u>Farmers' and Merchants' Bank v. United States</u>, 476 F.2d 406 (4th Cir. 1973). Essentially, the principle of equality precludes the Commissioner from making arbitrary distinctions between like cases. See <u>Baker v. Commissioner</u>, 787 F.2d 637, 643 (D.C. Cir. 1986), vacating 83 T.C. 822 (1984).

The different tax treatment accorded petitioners and Miller was not arbitrary or irrational. While petitioners and Miller both invested in the Plastics Recycling project,[9] their actions with respect to such investments provide a rational basis for treating them differently. Miller foreclosed any potential liability for increased interest in his cases by making payments prior to December 31, 1984; no interest accrued after that date.

---

[9] The Millers were Schedule C owners of Sentinel EPE recyclers, while petitioners owned interests in limited partnerships that owned Sentinel EPE recyclers. We consider this difference to be negligible and of no consequence. See <u>Estate of Satin v. Commissioner</u>, <u>supra</u>; <u>Fisher v. Commissioner</u>, <u>supra</u>.

In contrast, petitioners concede that the increased rate of interest under section 6621(c) applies in this case.  Liability for the increased rate of interest is one of the principal differences between the settlement in the Miller cases and the settlement offer rejected by petitioners.  Accordingly, with respect to the section 6621(c) issue, petitioners and Miller were treated equally to the extent they were similarly situated, and differently to the extent they were not.  With respect to the other differences, i.e., the section 6653(a) addition to tax and the 50-percent loss deductions, petitioners rejected a settlement offer made to them prior to trial of a test case.  Miller negotiated for himself and accepted an offer that was essentially the same prior to trial.  In their motion, petitioners seek the benefits of the settlement after trial of the test case.  Miller obtained no such benefit.  Petitioners' motion is not supported by the principle of equality.  Cf. Baratelli v. Commissioner, T.C. Memo. 1994-484.

Next, petitioners argue that the piggyback agreement they executed for docket No. 1173-88 entitles them to the Miller settlement in docket No. 28082-89.  Petitioners maintain that the scope of the piggyback agreement includes cases that concern 1982, such as docket No. 28082-89.

A settlement stipulation is a contract.  Smith v. Commissioner, T.C. Memo. 1991-412.  General principles of contract law are applied in construing a settlement agreement.

Goldman v. Commissioner, 39 F.3d 402 (2d Cir. 1994), affg. T.C. Memo. 1993-480. Absent wrongful, misleading conduct or mutual mistake, we enforce a stipulation of settlement in accordance with our interpretation of its written terms. Stamm Intl. Corp. v. Commissioner, 90 T.C. 315 (1988); Scherr v. Commissioner, T.C. Memo. 1990-225. Where the language of an agreement is unambiguous, we look within the "four corners" of the instrument to ascertain the intent of the parties. Goldman v. Commissioner, supra; see Estate of Satin v. Commissioner, T.C. Memo. 1994-435, and Fisher v. Commissioner, T.C. Memo. 1994-434, and cases cited therein.

Petitioners first assert that the piggyback agreement designates both of the Miller cases as test cases, instead of just one, so as to extend the scope of the agreement to the years at issue in those cases, such as 1982. In the Estate of Satin and Fisher cases, we found that the piggyback agreement entitled participant taxpayers to elect to accept the results of the Miller cases or the Provizer case. There is no language in the agreement extending the result of the controlling cases to any or all cases of the participant taxpayers, not referenced in the agreement, simply because they concern the same years addressed in the controlling cases. Petitioners' theory as to why both Miller cases were designated controlling cases is speculation unsupported by the terms of the piggyback agreement.

Petitioners also argue that paragraph 4 of the piggyback agreement extends the controlling case to all cases not expressly a part of or referenced in the agreement, such as docket No. 28082-89. Paragraph 4 provides:

> If the adjustment is resolved in the CONTROLLING CASE in a manner which affects the same issue in other years (e.g., * losses in later years or affects depreciation schedules), the resolution will apply to petitioner(s)' later years as if the petitioner(s) in this case was/were the same as the taxpayer(s) in the CONTROLLING CASE; [Emphasis added.]

We disagree with petitioners' interpretation of paragraph 4. Paragraph 4 merely provides that if the result in the controlling case affects a continuing item in other or later years in the controlling case, then the resolution will apply in the same manner to other or later years of the same continuing item in petitioners' case; it does not extend the result to other cases not a part of the agreement. See Conway v. Commissioner, T.C. Memo. 1994-413 (interpreting a similar stipulation); sec. 301.7121-1(b)(3) and (4), Proced. & Admin. Regs. The piggyback agreement is exclusively for docket No. 1173-88; no other case is explicitly or implicitly referenced or incorporated therein. Petitioners' motion is not supported by the piggyback agreement for docket No. 1173-88.

Finally, petitioners contend that the doctrine of equitable estoppel should apply to bar respondent from assessing penalties other than those assessed in the Miller cases. We note that this Court is a court of limited jurisdiction and lacks general

equitable powers. Commissioner v. McCoy, 484 U.S. 3, 7 (1987). However, while we cannot expand our jurisdiction through equitable principles, we can apply them in the disposition of cases that are within our jurisdiction. See Woods v. Commissioner, 92 T.C. 776, 784-787 (1989), and cases cited therein. The redetermination of a deficiency, addition to tax, or penalty determined by respondent is within our jurisdiction. Secs. 6213(a), 6665, 6671. Accordingly, in deciding this issue, we are not expanding on our statutory jurisdiction.

"[T]he doctrine of equitable estoppel is applied against the Government `with the utmost caution and restraint.'" Kronish v. Commissioner, 90 T.C. 684, 695 (1988) (quoting Boulez v. Commissioner, 76 T.C. 209, 214-215 (1981), affd. 810 F.2d 209 (D.C. Cir. 1987)). There are several conditions that must be satisfied before the doctrine is applied: (1) A false representation or wrongful, misleading silence by the party against whom the opposing party seeks to invoke the doctrine; (2) error in a statement of fact and not in an opinion or statement of law; (3) ignorance of the facts; (4) reasonable reliance on the acts or statements of the one against whom estoppel is claimed; and (5) adverse effects of the acts or statements of the one against whom estoppel is claimed. See Kronish v. Commissioner, supra at 695, and cases cited therein.

Petitioners assert that they were adversely affected in this case by respondent's failure promptly to notify them of the

disposition of the <u>Miller</u> cases.  Specifically, petitioners maintain that respondent's failure to notify them of the <u>Miller</u> settlement prior to issuing the notice of deficiency for this case "effectively took from them the opportunity to have the <u>Miller</u> settlement applied to * * * 1982."

However, there is no showing in the record that petitioners ever had the opportunity to have the <u>Miller</u> settlement applied to 1982.  Petitioners were not similarly situated to the Millers and have conceded that section 6621(c) applies to this case.  No piggyback agreement was offered or executed in this case.  Instead, as petitioners themselves have argued, respondent extended the Plastics Recycling project settlement offer to petitioners.  That offer mirrored the <u>Miller</u> settlement or was more advantageous for taxpayers in all major respects except the increased interest.  Petitioners have not shown that knowledge of the <u>Miller</u> settlement would have entitled them to escape liability for the increased interest.  We find that petitioners were not adversely affected by respondent's actions, and therefore that their motion is not supported on equitable grounds.

In order to reflect the foregoing,

<u>An appropriate order will be</u>
<u>issued denying petitioners' motion</u>.